[Cite as *State v. Hill*, 2015-Ohio-3311.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2015 CA 00041 |
| CHRISTOPHER HILL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:       Criminal Appeal from the Court of Common
Pleas, Case No. 2014 CR 00778


JUDGMENT:       Affirmed


DATE OF JUDGMENT ENTRY:       August 17, 2015


APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| JOHN D. FERRERO | CHRISTOPHER HILL |
| PROSECUTING ATTORNEY | PRO SE |
| KATHLEEN O. TATARSKY | Lake Erie Correctional Institution |
| ASSISTANT PROSECUTOR | Post Office Box 8000 |
| 110 Central Plaza South, Suite 510 | Conneaut, Ohio  44030 |
| Canton, Ohio  44702-1413 | |

*Wise, J.*

{¶1}.   Appellant Christopher Hill appeals the decision of the Court of Common Pleas, Stark County, which denied his petition for post-conviction relief. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}.   On or about May 9, 2014, appellant physically assaulted and threatened Marcella Catlett, the mother of appellant's daughter. At the time, appellant was on parole and prohibited from possessing a weapon. After appellant was arrested, he contacted the victim and told her not to show up for the grand jury proceedings or any other court appearances.

{¶3}.   On June 25, 2014, appellant was indicted on one count of felonious assault with a repeat violent offender specification (R.C. 2903.11(A)(2) and R.C. 2941.149), a felony of the second degree, having a weapon under a disability (R.C. 2923.13(A)(2)), a felony of the third degree, domestic violence (R.C. 2919.25(A)), a misdemeanor of the first degree, and intimidation of a witness or victim (R.C. 2921.04(A)), a misdemeanor of the first degree.

{¶4}.   On July 29, 2014,  appellant, with the assistance of counsel, entered into a negotiated guilty plea to the latter three charges, with the State dismissing the felonious assault charge and RVO specification.

{¶5}.   Appellant was thereupon sentenced to twenty-four months in prison on the count of having a weapon under disability, as well as six months concurrent on each of the counts of domestic violence and intimidation of a victim or witness. A plea and sentencing judgment entry was issued on August 14, 2014.

{¶6}. On or about August 27, 2014, appellant filed a direct appeal to this Court. However, the appeal was subsequently dismissed by the Court for want of prosecution.

{¶7}. In addition, on January 9, 2015, appellant filed a delayed notice of appeal. This Court denied leave for same on February 17, 2015.

{¶8}. In the meantime, on September 15, 2014, appellant filed a *pro se* petition for post-conviction relief in the trial court. An amended petition was filed by appellant on October 17, 2014. A second amended petition was filed by appellant on October 22, 2014. The State responded with a written memorandum, motion to dismiss, and motion for summary judgment on November 25, 2014.[1]

{¶9}. The trial court, on February 24, 2015, invoking the doctrine of res judicata, dismissed appellant's petitions for post-conviction relief.

{¶10}. On March 19, 2015, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶11}. "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED THE STATE'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT AND DISMISSED THE APPELLANT'S PETITION FOR POST-CONVICTION RELIEF."

I.

{¶12}. In his sole Assignment of Error, appellant contends the trial court erred in denying his petition and amended petitions for post-conviction relief. We disagree.

{¶13}. A defendant is entitled to post-conviction relief under R.C. 2953.21 only upon a showing of a violation of constitutional dimension that occurred at the time the defendant was tried and convicted. *State v. Powell* (1993), 90 Ohio App.3d 260, 264,

---

[1] Appellant also filed a post-sentence motion to withdraw plea, the result of which is the subject of Stark App.No. 2015CA00036.

629 N.E.2d 13, 16. A petition for post-conviction relief does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Wilhelm,* Knox App.No. 05–CA–31, 2006–Ohio–2450, ¶ 10, citing *State v. Jackson* (1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819. In reviewing a trial court's denial of an appellant's petition for post-conviction relief, absent a showing of abuse of discretion, we will not overrule the trial court's finding if it is supported by competent and credible evidence. *State v. Delgado* (May 14, 1998), Cuyahoga App. No. 72288, citing *State v. Mitchell* (1988), 53 Ohio App.3d 117, 559 N.E.2d 1370. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶14}. The test for ineffective assistance claims is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *See, also State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. There is essentially a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, the trial court must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If the court finds ineffective assistance of counsel, it must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

{¶15}. In the case sub judice, appellant now contends he was innocent of the charges against him and that his trial attorney, an assistant public defender, "pressured" him into pleading guilty. *See* Appellant's Brief at 10. Focusing on the weapons under disability conviction, he asserts he did not have a gun on his person during the events in question and did not use a gun to threaten the victim. He further maintains the investigatory documents in the case would show that the victim accused him of threatening her or her property with a hammer, not a firearm, and then asking her about the whereabouts of his gun. He also provided the trial court with an unverified photocopy of a police report indicating no fingerprints were found on the gun taken at the scene, as well as a copy of an affidavit dated June 20, 2014, purportedly from the victim, in which she indicates that she was intoxicated during the events of May 9, 2014 and could not recollect what happened. Appellant urges that his trial counsel failed to properly investigate these matters.

{¶16}. However, assuming *arguendo* trial counsel did not pursue sufficient pretrial investigation as alleged herein by appellant, a particular decision by a trial attorney not to investigate an issue must be assessed for reasonableness in light of all the circumstances, with the application of "a heavy measure of deference to counsel's judgments." *See Kimmelman v. Morrison* (1986), 477 U.S. 365, 384, 106 S.Ct. 2574. We note appellant's trial counsel in this instance successfully negotiated a dismissal of the most serious count against appellant, a second-degree felonious assault, in exchange for an aggregate term of two years in prison on the remaining counts. Furthermore, as a general rule, recantations by witnesses are to be examined with utmost suspicion. *See State v. Thorne*, 5th Dist. Stark No. 2003CA00388, 2004-Ohio-

7055, ¶ 35, citing *State v. Germany* (Sept. 30, 1993), Cuyahoga App. No. 63568, 1993 WL 389577.

{¶17}. Finally, our review of the issue is somewhat impeded herein because appellant has failed to provide this Court with a written transcript of the July 29, 2014 plea proceedings before the trial court. Pursuant to App.R. 9(B)(1), "[i]t is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)." We certainly recognize that appellant, in advancing his PCR arguments, has relied on information outside of what would have been in the original trial court record, and the lack of the July 29, 2014 transcript per se is not necessarily fatal to appellant's claims. Nonetheless, we presently have no established background record which might portray the conduct of appellant's trial counsel at the plea proceedings, and the dynamics of his decision-making at that time, against which we could view the import of appellant's newly-presented information. *Cf. State v. Gaitor*, 7th Dist. Mahoning No. 96-CA-234, 1999 WL 420568.

{¶18}. Although we do not concur with the trial court's application of the doctrine of res judicata in the case sub judice, upon review of the limited record and the post-conviction pleadings, we hold the trial court did not abuse its discretion in denying appellant's petitions for post-conviction relief without conducting an evidentiary hearing.

{¶19}. Appellant's sole Assignment of Error is overruled.

{¶20}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.


By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.