[Cite as *State v. Hill*, 2017-Ohio-7671.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CHRISTOPHER HILL | : | Case No. 2017CA00118 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                                            Pleas, Case No. 2014-CR-0778




JUDGMENT:                                       Affirmed




DATE OF JUDGMENT:                      September 18, 2017




APPEARANCES:

For Plaintiff-Appellee                            For Defendant-Appellant

John D. Ferrero                                    CHRISTOPHER HILL, Pro Se
Prosecuting Attorney                           Inmate No. FW-8711
By: KATHLEEN O. TATARSKY              SCI Retreat
Assistant Prosecuting Attorney            660 State Route 11
110 Central Plaza South, Suite 510      Hunlock Creek, PA  18621
Canton, OH  44702-1413

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant, Christopher Hill, appeals the June 22, 2017 judgment entry of the Court of Common Pleas of Stark County, Ohio denying his petition for postconviction relief.   Defendant-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 29, 2014, appellant pled guilty to one count of having weapons while under disability in violation of R.C. 2923.13, one count of domestic violence in violation of R.C. 2919.25, and one count of intimidation of an attorney, victim, or witness in a criminal case in violation of R.C. 2921.04.   By judgment entry filed August 14, 2014, the trial court sentenced appellant to an aggregate term of twenty-four months in prison.

{¶ 3}   On August 27, 2014, appellant filed a pro se direct appeal to this court which was dismissed for failure to prosecute.   A subsequent motion for leave to file delayed appeal was denied.

{¶ 4}   On September 15, 2014, appellant filed a petition to vacate or set aside judgment of conviction or sentence.   Appellant claimed he did not use a gun to threaten the victim, and he was denied effective assistance of trial counsel.   Appellant attached an affidavit of the victim wherein she averred she could not recall the incident with appellant as she was intoxicated at the time, and he did not put a gun to her face.   By judgment entry filed February 24, 2015, the trial court denied the petition on the basis of res judicata. The decision was affirmed on appeal for reasons other than res judicata.   *State v. Hill,* 5th Dist. Stark No. 2015 CA 00041, 2015-Ohio-3311.

{¶ 5}   On July 18, 2016, appellant filed a second petition to vacate or set aside judgment of conviction or sentence.   Appellant again claimed ineffective assistance of

counsel, and claimed he had newly discovered evidence in the form of a crime lab report indicating the gun in question did not contain his fingerprints, and an audio recording of the victim's statement to police wherein she allegedly gave conflicting versions of the incident. Also, appellant attached another affidavit from the victim wherein she averred she made up the entire story because she was angry with appellant. By judgment entry filed November 8, 2016, the trial court denied the petition as untimely and the petition failed to set forth sufficient operative facts to establish grounds for relief. Appellant's appeal to this court was dismissed at his request.

{¶ 6} On January 9, 2017, appellant filed a third petition to vacate or set aside judgment of conviction or sentence based upon newly discovered evidence and actual innocence, essentially reasserting the same arguments contained in the previous two petitions, and further arguing the previously submitted crime lab report proved his actual innocence because his DNA/fingerprints were not found on the gun. Appellant included the "newly discovered" investigative report and the arrest report to his same arguments. By judgment entry filed March 13, 2017, the trial court denied the petition as untimely and the petition failed to set forth sufficient operative facts to establish grounds for relief. No appeal was taken.

{¶ 7} On May 2, 2017, appellant filed a fourth petition to vacate or set aside judgment of conviction or sentence based upon new evidence and actual innocence, again reasserting the same arguments contained in the previous three petitions. By judgment entry filed June 22, 2017, the trial court denied the petition as untimely and the petition failed to set forth sufficient operative facts to establish grounds for relief.

{¶ 8} Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 9} "PCRA COURT ERRED/ABUSED ITS DISCRETION BY DENYING APPELLANT'S POST CONVICTION PETITION BASED ON THE DOCTRINE OF RES JUDICATA, DESPITE THE FACT THAT HE HAS NEW EVIDENCE WHICH PROVES HIS ACTUAL INNOCENCE AND WHICH MEETS THE EXCEPTION TO THE UNTIMELY REQUIREMENTS PURSUANT TO OHIO R.C. §§2953.23(A)(1) AND (2), AND THAT HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL."

II

{¶ 10} "PCRA COURT ERRED/ABUSED ITS DISCRETION BY DENYING APPELLANT'S POST CONVICTION PETITION BASED ON THE DOCTRINE OF RES JUDICATA, DESPITE THE FACT THAT HE HAS NEW EVIDENCE WHICH PROVES HIS ACTUAL INNOCENCE AND WHICH MEETS THE EXCEPTION TO THE UNTIMELY REQUIREMENTS PURSUANT TO OHIO R.C. §§2953.23(A)(1) AND (2), AND THAT HE WAS DENIED DUE PROCESS OF LAW."

III

{¶ 11} "PCRA COURT ERRED/ABUSED ITS DISCRETION WHEN IT FAILED TO ACKNOWLEDGE/CONSIDER AND ADDRESS APPELLANT'S SCIENTIFIC/DNA EVIDENCE REGARDING HIS ACTUAL INNOCENCE.  ESSENTIALLY, DEEMING THE EVIDENCE UNDISPUTED."

I, II, III

{¶ 12} In Assignments of Error I and II, appellant claims the trial court erred in denying his petition for postconviction relief on the basis of res judicata. In Assignment of Error III, appellant claims the trial court erred in failing to address his scientific DNA evidence regarding his actual innocence. We disagree with appellant's claims.

{¶ 13} In its June 22, 2017 judgment entry denying appellant's fourth petition for postconviction relief, the trial court never mentioned res judicata. The trial court denied the petition as untimely and the petition failed to set forth sufficient operative facts to establish grounds for relief.

{¶ 14} As determined by the trial court, appellant's fourth petition for postconviction relief was clearly untimely pursuant to R.C. 2953.21(A)(2). Based upon appellant's past filings, the subject petition was a successive petition for postconviction relief. R.C. 2953.23 states the following:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in

division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

{¶ 15} In reviewing appellant's fourth petition for postconviction relief, we find appellant did not satisfy the requirements of R.C. 2953.23.

{¶ 16} In addition, appellant's arguments are barred under the doctrine of res judicata. As stated by the Supreme Court of Ohio in *State v. Perry,* 10 Ohio St.2d 175 (1967), paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for postconviction relief. The *Perry* court explained the doctrine at 180-181 as follows:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

{¶ 17} In reviewing appellant's fourth petition for postconviction relief, we find the arguments therein could have been raised on direct appeal or on appeal of one of his previous denials for postconviction relief.

{¶ 18} As for appellant's claim that the trial court failed to address his scientific DNA evidence, the crime lab report attached to his fourth petition for postconviction relief was also attached to his second and third petitions for postconviction relief and does not constitute "newly discovered" evidence. Moreover, the crime lab report merely indicated the gun was swabbed for DNA typing, but no results were given.

{¶ 19} Upon review, we find the trial court did not err in denying appellant's fourth petition for postconviction relief.

{¶ 20} Assignments of Error I, II, and III are denied.

{¶ 21} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Gwin, J. concur.


EEW/sg 91