[Cite as *State v. Hill*, 2015-Ohio-3312.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
|     Plaintiff-Appellee | |
| -vs- | Case No. 2015 CA 00036 |
| CHRISTOPHER HILL | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
Pleas, Case No.  2014 CR 00778


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      August 17, 2015


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

JOHN D. FERRERO              CHRISTOPHER HILL
PROSECUTING ATTORNEY      PRO SE
KATHLEEN O. TATARSKY       LaECI
ASSISTANT PROSECUTOR       Post Office Box 8000
110 Central Plaza South, Suite 510  Conneaut, Ohio  44030
Canton, Ohio  44702-1413

*Wise, J.*

{¶1}. Appellant Christopher Hill appeals the decision of the Court of Common Pleas, Stark County, which denied his post-sentence motion to withdraw a guilty plea. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}. On or about May 9, 2014, appellant physically assaulted and threatened Marcella Catlett, the mother of appellant's daughter. At the time, appellant was on parole and was under a prohibition from possessing a weapon. Furthermore, after appellant was arrested, he contacted the victim and told her not to show up for the grand jury proceedings or any other court appearances.

{¶3}. On June 25, 2014, appellant was indicted on one count of felonious assault with a repeat violent offender specification (R.C. 2903.11(A)(2) and R.C. 2941.149), a felony of the second degree, having a weapon under a disability (R.C. 2923.13(A)(2)), a felony of the third degree, domestic violence (R.C. 2919.25(A)), a misdemeanor of the first degree, and intimidation of a witness or victim (R.C. 2921.04(A)), a misdemeanor of the first degree.

{¶4}. On July 29, 2014, appellant, with the assistance of counsel, entered into a negotiated guilty plea to the latter three charges, with the State dismissing the felonious assault charge and RVO specification.

{¶5}. Appellant was thereupon sentenced to twenty-four months in prison on the count of having a weapon under disability, as well as six months concurrent on each of the counts of domestic violence and intimidation of a victim or witness. A plea and sentencing judgment entry was issued on August 14, 2014.

{¶6}. On or about August 27, 2014, appellant filed a direct appeal to this Court. However, the appeal was subsequently dismissed by the Court for want of prosecution.

{¶7}. In addition, on January 9, 2015, appellant filed a delayed notice of appeal. This Court denied leave for same on February 17, 2015.

{¶8}. In the meantime, on September 8, 2014, appellant filed a *pro se* motion to withdraw his guilty plea in the trial court. The State filed a response on September 19, 2014. An amended motion was filed by appellant on December 9, 2014. The State filed a response to the amended motion on December 17, 2014.[1]

{¶9}. The trial court, on February 24, 2015, denied appellant's attempt to withdraw his plea.

{¶10}. On March 6, 2015, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶11}. "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED/DENIED APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA BASED ON HIS DEMONSTRATION OF MANIFEST INJUSTICE UNDER CRIM.R. 32.1, AND PLEA COUNSEL'S INEFFECTIVENESS."

I.

{¶12}. In his sole Assignment of Error, appellant contends the trial court erred in denying his post-sentence motion to withdraw his guilty plea. We disagree.

{¶13}. Crim.R. 32.1 states as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice

---

[1] Appellant also filed a petition for post-conviction relief, the result of which is the subject of Stark App.No. 2015CA00041.

the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶14}. Our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo* (1985), 17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. " *** [T]he good faith, credibility and weight of the movant's assertions in support of the [Crim.R. 32.1] motion are matters to be resolved by [the trial] court." *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus.

{¶15}. Ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim.R. 32.1. *See State v. Dalton,* 153 Ohio App.3d 286, 292, 2003–Ohio–3813, ¶ 18. However, under the "manifest injustice" standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Aleshire,* Licking App.No. 09–CA–132, 2010–Ohio–2566, ¶ 60, citing *Smith, supra,* at 264. Furthermore, " * * * if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * * " *State v. Peterseim* (1980), 68 Ohio App.2d 211, 213, 428 N.E.2d 863, quoting *Kadwell v. United States (C.A.9,* 1963), 315 F.2d 667.

{¶16}. In the case sub judice, appellant now contends he was innocent of the charges against him and "reluctantly" pled guilty upon the advice of his trial counsel.

*See* Appellant's Brief at 4. Focusing on the weapons under disability conviction, he asserts he did not have a gun on his person during the events in question and did not use a gun to threaten the victim. He further maintains the investigatory documents in the case would show that the victim accused him of threatening her or her property with a hammer, not a firearm, and then asking her about the whereabouts of his gun. He also provided the trial court with an unverified photocopy of a police report indicating no fingerprints were found on the gun taken at the scene, as well as a copy of an affidavit dated June 20, 2014, purportedly from the victim, in which she indicates that she was intoxicated during the events of May 9, 2014 and could not recollect what happened. He urges that his trial counsel failed to properly investigate these matters.

{¶17}.  A Crim.R. 32.1 motion is not a challenge to the validity of a conviction or sentence, and instead only focuses on the plea. *See State v. Bush,* 96 Ohio St.3d 235, 773 N.E.2d 522, 2002–Ohio–3993, ¶ 13. As the State aptly responds in its appellee's brief, appellant's trial counsel in this instance successfully negotiated a dismissal of the most serious count against appellant, a second-degree felonious assault, in exchange for an aggregate term of two years in prison on the remaining counts. In *State v. Pepper*, 5th Dist. Ashland No. 13 COA 019, 2014-Ohio-364, this Court emphasized: "In the review of an attempt to withdraw any such negotiated plea after the fact, we must weigh any imperfections in the process against the possibility that the defendant is avoiding a much harsher result by resolving the case. We also bear in mind that the trial court is under a duty pursuant to Crim.R.11 to ensure that the plea comports with constitutional standards." *Id.* at ¶ 40, citing *State v. Stowers*, 8th Dist. Cuyahoga No. 48572, 1985 WL 7495 (additional citations omitted).

{¶18}. Upon review of the entirety of appellant's claims in support of his motion to withdraw plea, we are unpersuaded the trial court abused its discretion in declining to find a manifest injustice warranting the extraordinary step of negating appellant's plea, and we further find the trial court did not err or abuse its discretion in denying appellant's motion to withdraw plea without conducting an evidentiary hearing.

{¶19}. Appellant's sole Assignment of Error is overruled.

{¶20}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.

JWW/d 0730