[Cite as *State v. Hill*, 2018-Ohio-1270.]


COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CHRISTOPHER HILL | : | Case No. 2017CA00235 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 2014CR0778


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                March 30, 2018


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                           CHRISTOPHER HILL, Pro Se
Prosecuting Attorney                      Inmate No. FW-8711
By: KATHLEEN O. TATARSKY                  SCI Retreat
Assistant Prosecuting Attorney            660 State Route 11
110 Central Plaza South, Suite 510        Hunlock Creek, PA  18621
Canton, OH  44702-1413

*Wise, Earle, J.*

{¶ 1} Plaintiff-Appellant, Christopher Hill, appeals the November 28, 2017 judgment entry of the Court of Common Pleas of Stark County, Ohio denying his petition for postconviction relief. Defendant-Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 29, 2014, appellant pled guilty to one count of having weapons while under disability in violation of R.C. 2923.13, one count of domestic violence in violation of R.C. 2919.25, and one count of intimidation of an attorney, victim, or witness in a criminal case in violation of R.C. 2921.04. The plea was made pursuant to a plea deal wherein the state agreed to drop a felonious assault charge with a repeat violent offender specification. By judgment entry filed August 14, 2014, the trial court sentenced appellant to an aggregate term of twenty-four months in prison.

{¶ 3} On August 27, 2014, appellant filed a pro se direct appeal to this court which was dismissed for failure to prosecute. A subsequent motion for leave to file delayed appeal was denied.

{¶ 4} On September 15, 2014, appellant filed a petition to vacate or set aside judgment of conviction or sentence. Appellant claimed he did not use a gun to threaten the victim, and he was denied effective assistance of trial counsel. Appellant attached an affidavit of the victim wherein she averred she could not recall the incident with appellant as she was intoxicated at the time, and he did not put a gun to her face. By judgment entry filed February 24, 2015, the trial court denied the petition on the basis of res judicata. The decision was affirmed on appeal for reasons other than res judicata. *State v. Hill,* 5th Dist. Stark No. 2015 CA 00041, 2015-Ohio-3311.

{¶ 5}  On July 18, 2016, appellant filed a second petition to vacate or set aside judgment of conviction or sentence.  Appellant again claimed ineffective assistance of counsel, and claimed he had newly discovered evidence in the form of a crime lab report indicating the gun in question did not contain his fingerprints, and an audio recording of the victim's statement to police wherein she allegedly gave conflicting versions of the incident.  Also, appellant attached another affidavit from the victim wherein she averred she made up the entire story because she was angry with appellant.  By judgment entry filed November 8, 2016, the trial court denied the petition as untimely and the petition failed to set forth sufficient operative facts to establish grounds for relief.  Appellant's appeal to this court was dismissed at his request.

{¶ 6}  On January 9, 2017, appellant filed a third petition to vacate or set aside judgment of conviction or sentence based upon newly discovered evidence and actual innocence, essentially reasserting the same arguments contained in the previous two petitions, and further arguing the previously submitted crime lab report proved his actual innocence because his DNA/fingerprints were not found on the gun.  Appellant included the "newly discovered" investigative report and the arrest report to his same arguments.  By judgment entry filed March 13, 2017, the trial court denied the petition as untimely and the petition failed to set forth sufficient operative facts to establish grounds for relief.  No appeal was taken.

{¶ 7}  On May 2, 2017, appellant filed a fourth petition to vacate or set aside judgment of conviction or sentence based upon new evidence and actual innocence, again reasserting the same arguments contained in the previous three petitions.  By judgment entry filed June 22, 2017, the trial court denied the petition as untimely and the

petition failed to set forth sufficient operative facts to establish grounds for relief. The decision was affirmed on appeal. *State v. Hill,* 5th Dist. Stark No. 2017CA00118, 2017-Ohio-7671.

{¶ 8} On November 20, 2017, appellant filed a fifth petition to vacate and set aside judgment of conviction and sentence based upon new evidence and actual innocence, specifically challenging his conviction for weapons under disability. Appellant claimed he had newly discovered evidence in the form of the state's July 26, 2017 response to his motion for leave to file delayed appeal and motion to dismiss filed with this court, wherein the state mentioned in committing the felonious assault on the victim, appellant used a hammer and not a gun. Because he did not use a gun, appellant argued he should not have been encouraged to plead guilty to the weapons under disability offense. As a result, appellant argued he was denied the effective assistance of counsel and his plea was not voluntarily and intelligently made. Also, appellant again argued the DNA evidence. By judgment entry filed November 28, 2017, the trial court denied the petition, expressly incorporating its findings of fact and conclusions of law from its previous entry filed June 22, 2017, which this court affirmed on appeal. The trial court also found it was not required to issue new findings of fact and conclusions of law on a successive petition for postconviction relief.

{¶ 9} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 10} "TRIAL/PLEA COUNSEL WAS INEFFECTIVE FOR INADEQUATELY ADVISING APPELLANT TO PLEAD GUILTY, RENDERING HIS GUILTY PLEAS VOID,

AND PCRA COURT ERRED/ABUSED ITS DISCRETION BY DENYING APPELLANT'S PETITION W/OUT HEARING AND W/OUT ISSUING FINDINGS OF FACT REGARDING NEW EVIDENCE RECENTLY OBTAINED WHICH PROVES HIS ACTUAL INNOCENCE."

II

{¶ 11} "A PLEA NOT VOLUNTARILY AND INTELLIGENTLY MADE HAS BEEN OBTAINED IN VIOLATION OF DUE PROCESS AND IS VOID, AND PCRA COURT ERRED/ABUSED ITS DISCRETION BY DENYING APPELLANT'S PETITION W/OUT HEARING AND W/OUT ISSUING FINDINGS OF FACT REGARDING NEW EVIDENCE RECENTLY OBTAINED WHICH PROVES HIS ACTUAL INNOCENCE."

III

{¶ 12} "APPELLANT WAS CONVICTED OF A FELONY AND DNA TESTING ESTABLISHED BY CLEAR AND CONVINCING EVIDENCE, ACTUAL INNOCENCE, AND HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL RENDERING HIS GUILTY PLEAS VOID, AND PCRA COURT ERRED/ABUSED ITS DISCRETION BY DENYING HIS PETITION W/OUT HEARING AND W/OUT ISSUING FINDINGS OF FACT REGARDING NEW EVIDENCE RECENTLY OBTAINED AND DNA EVIDENCE WHICH PROVES HIS ACTUAL INNOCENCE."

IV

{¶ 13} "APPELLANT WAS CONVICTED OF A FELONY AND DNA TESTING ESTABLISHED BY CLEAR AND CONVINCING EVIDENCE, ACTUAL INNOCENCE, AND HE WAS DENIED DUE PROCESS OF LAW BY WAY OF PROSECUTORIAL MISCONDUCT RENDERING HIS GUILTY PLEAS VOID, AND PCRA COURT

ERRED/ABUSED ITS DISCRETION BY DENYING HIS PETITION W/OUT HEARING AND W/OUT ISSUING FINDINGS OF FACT REGARDING NEW EVIDENCE RECENTLY OBTAINED AND DNA EVIDENCE WHICH PROVES HIS ACTUAL INNOCENCE."

I, II, III, IV

{¶ 14} In all of his assignments of error, appellant claims the trial court erred in denying his petition for postconviction relief without holding a hearing and without issuing findings of fact on the new evidence, i.e., the state's July 26, 2017 response. Appellant claims ineffective assistance of counsel, his plea was not voluntarily and intelligently made, and prosecutorial misconduct, all pertaining to his weapons under disability conviction which he pled guilty to. Appellant also rehashes his arguments of actual innocence because of the DNA evidence. We disagree with appellant's claims.

{¶ 15} In its November 28, 2017 judgment entry denying appellant's fifth petition for postconviction relief, the trial court expressly incorporated its findings of fact and conclusions of law from its previous judgment entry filed June 22, 2017, which this court affirmed on appeal. The trial court also found it was not required to issue new findings of fact and conclusions of law on a successive petition for postconviction relief.

{¶ 16} In the June judgment entry denying appellant's fourth petition for postconviction relief, the trial court found the petition was untimely and the petition failed to set forth sufficient operative facts to establish grounds for relief.

{¶ 17} As determined by the trial court, appellant's fifth petition for postconviction relief was clearly untimely pursuant to R.C. 2953.21(A)(2). Based upon appellant's past

filings, the subject petition was a successive petition for postconviction relief.  R.C. 2953.23 states the following:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

{¶ 18} In reviewing appellant's fifth petition for postconviction relief, we find appellant did not satisfy the requirements of R.C. 2953.23. Appellant pled guilty to the charges, including the weapons under disability count. The state's July 26, 2017 response to a motion does not constitute "evidence." Even if accepted as evidence, the state's arguments about the hammer were in relation to the felonious assault count which was dropped. Attachments to appellant's petition establish the gun for the weapons under disability charge was found in the couch console in the home appellant shared with the victim.

{¶ 19} Any other arguments raised by appellant are barred under the doctrine of res judicata. As stated by the Supreme Court of Ohio in *State v. Perry,* 10 Ohio St.2d 175 (1967), paragraphs eight and nine of the syllabus, the doctrine of res judicata is

applicable to petitions for postconviction relief.  The *Perry* court explained the doctrine at 180-181 as follows:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

{¶ 20} Upon review, we find the trial court did not err in denying appellant's fifth petition for postconviction relief.

{¶ 21} Assignments of Error I, II, III, and IV are denied.

{¶ 22} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/db 3/16