[Cite as *State v. Hill*, 2019-Ohio-4429.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2019CA00067 |
| | : | |
| CHRISTOPHER HILL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Stark County Court of
                                  Common Pleas, Case No. 2014CR0778

JUDGMENT:                         AFFIRMED

DATE OF JUDGMENT ENTRY:           October 28, 2019

APPEARANCES:

For Plaintiff-Appellee:                      For Defendant-Appellant:

JOHN D. FERRERO, JR.                         CHRISTOPHER HILL, PRO SE
STARK CO. PROSECUTOR                         Inmate No. FW-8711
KATHLEEN O. TATARSKY                         SCI Retreat
110 Central Plaza South, Ste. 510            660 State Route 11
Canton, OH 44702-1413                        Hunlock Creek, PA 18621

*Delaney, J.*

{¶1} Appellant Christopher Hill appeals from the Judgment Entry – Denying Seventh Petition to Vacate or Set Aside Judgment of Conviction or Sentence of the Stark County Court of Common Pleas filed on April 17, 2019.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The following statement of the procedural history of this case is taken in part from our decision in *State v. Hill*, 5th Dist. Stark No. 2018CA00110, 2018-Ohio-5385 [*Hill V*].

{¶3} On July 29, 2014, appellant pled guilty to one count of having weapons while under disability in violation of R.C. 2923.13, one count of domestic violence in violation of R.C. 2919.25, and one count of intimidation of an attorney, victim, or witness in a criminal case in violation of R.C. 2921.04. Appellant was represented by counsel. Pursuant to a negotiated plea, appellee agreed to drop a felonious assault charge with a repeat violent offender specification. By judgment entry filed August 14, 2014, the trial court sentenced appellant to an aggregate term of twenty-four months in prison.

{¶4} On August 27, 2014, appellant filed a pro se direct appeal to this Court which was dismissed for failure to prosecute. A subsequent motion for leave to file a delayed appeal was denied.

{¶5} On September 8, 2014, appellant filed a pro se motion to withdraw his guilty plea in the trial court. The trial court denied the motion to withdraw his plea on February 24, 2015. Appellant appealed the judgment and we affirmed in *State v. Hill*, 5th Dist. Stark No. 2015CA00036, 2015-Ohio-3312 [*Hill I*].

{¶6}  On September 15, 2014, appellant filed a petition to vacate or set aside judgment of conviction or sentence. Appellant claimed he did not use a gun to threaten the victim, and that he was denied effective assistance of trial counsel. Appellant attached an affidavit of the victim wherein she averred she could not recall the incident with appellant as she was intoxicated at the time, and he did not put a gun to her face. By judgment entry filed February 24, 2015, the trial court denied the petition on the basis of res judicata. The decision was affirmed on appeal for reasons other than res judicata. *State v. Hill,* 5th Dist. Stark No. 2015 CA 00041, 2015–Ohio–3311 [*Hill II*].

{¶7}  On July 18, 2016, appellant filed a second petition to vacate or set aside judgment of conviction or sentence. Appellant again claimed ineffective assistance of counsel, and claimed he had newly discovered evidence in the form of a crime lab report indicating the gun in question did not contain his fingerprints, and an audio recording of the victim's statement to police wherein she allegedly gave conflicting versions of the incident. Also, appellant attached another affidavit from the victim wherein she averred she made up the entire story because she was angry with appellant. By judgment entry filed November 8, 2016, the trial court denied the petition as untimely and the petition failed to set forth sufficient operative facts to establish grounds for relief. Appellant's appeal to this court was dismissed at his request.

{¶8}  On January 9, 2017, appellant filed a third petition to vacate or set aside judgment of conviction or sentence based upon newly discovered evidence and actual innocence, essentially reasserting the same arguments contained in the previous two petitions, and further arguing the previously submitted crime lab report proved his actual innocence because his DNA/fingerprints were not found on the gun. Appellant included

the "newly discovered" investigative report and the arrest report to his same arguments. By judgment entry filed March 13, 2017, the trial court denied the petition as untimely and the petition failed to set forth sufficient operative facts to establish grounds for relief. No appeal was taken.

{¶9} On May 2, 2017, appellant filed a fourth petition to vacate or set aside judgment of conviction or sentence based upon new evidence and actual innocence, again reasserting the same arguments contained in the previous three petitions. By judgment entry filed June 22, 2017, the trial court denied the petition as untimely and the petition failed to set forth sufficient operative facts to establish grounds for relief. The decision was affirmed on appeal. *State v. Hill,* 5th Dist. Stark No. 2017CA00118, 2017–Ohio–7671 [*Hill III*].

{¶10} On November 20, 2017, appellant filed a fifth petition to vacate and set aside judgment of conviction and sentence based upon new evidence and actual innocence, specifically challenging his conviction for weapons under disability. Appellant claimed he had newly discovered evidence in the form of the state's July 26, 2017 response to his motion for leave to file delayed appeal and motion to dismiss filed with this court, wherein the state mentioned in committing the felonious assault on the victim, appellant used a hammer and not a gun. Because he did not use a gun, appellant argued he should not have been encouraged to plead guilty to the weapons under disability offense. As a result, appellant argued he was denied the effective assistance of counsel and his plea was not voluntarily and intelligently made. Also, appellant again argued the DNA evidence. By judgment entry filed November 28, 2017, the trial court denied the petition, expressly incorporating its findings of fact and conclusions of law from its

previous entry filed June 22, 2017, which this court affirmed on appeal. The trial court also found it was not required to issue new findings of fact and conclusions of law on a successive petition for post-conviction relief. We affirmed the trial court's judgment in *State v. Hill*, 5th Dist. Stark No. 2017CA00235, 2018-Ohio-1270 [*Hill IV*].

{¶11} On June 8, 2018, Appellant filed a "Post Conviction Petition for Reinstatement of Right to File a Direct Appeal with the Assistance of Counsel, and to Begin Time Limitation for Filing PCRA Petition, or Vacate Judgment of Convictions and Sentences." In his motion, he requested the trial court reinstate his direct appeal rights because he was never appointed appellate counsel upon his request. If he was permitted to file a direct appeal, appellant argued his petitions for post-conviction relief would no longer be untimely. He next argued his trial counsel was ineffective.

{¶12} The trial court denied the motion on July 23, 2018. It found appellant's sixth petition for post-conviction relief was successive and untimely. It further found it did not have the authority to reinstate his ability to file a direct appeal of his conviction and sentence.

{¶13} We affirmed the trial court's judgment in *State v. Hill*, 5th Dist. Stark No. 2018CA00110, 2018-Ohio-5385 [*Hill V*].

{¶14} On April 1, 2019, appellant filed a pro se "Petition to Vacate or Set Aside Judgment of Conviction and Sentence Based upon New Facts Which Were Unavoidably Prevented from Discovery." Appellant asserted he pled to having a weapon while under disability, but the disability was due to a PA attempted-murder conviction which he does not in fact have. Appellant further alleged ineffective assistance of trial counsel arising from the same allegation: counsel was ineffective in failing to investigate whether

appellant had a conviction of attempted murder. Appellant asserted his remaining offenses and guilty pleas stemmed from the unfounded weapons under disability charge and must therefore be vacated. We note this is the same factual basis as appellant's "Post Conviction Petition for Reinstatement of Right to File a Direct Appeal with the Assistance of Counsel, and to Begin the Time Limitation for Filing a PCRA Petition, or Vacate Judgment of Convictions and Sentences" filed on June 8, 2018, and denied by the trial court on July 23, 2018. We affirmed that decision in *Hill V*, supra.

{¶15} In the instant case, the trial court denied appellant's April 1, 2019 Petition via Judgment Entry dated April 17, 2019.

{¶16} It is from this decision that appellant now appeals.

{¶17} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶18} "THE PCRA COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION AND SENTENCE BASED UPON NEW FACTS WHICH WERE UNAVOIDABLY PREVENTED FROM DISCOVERY WHERE APPELLANT MET THE EXCEPTION TO THE UNTIMELY REQUIREMENTS PURSUANT TO THE OHIO REV. CODE ANN. § 2953.21(A)(1). AND TRIAL/PLEA COUNSEL WAS INEFFECTIVE FOR INADEQUATELY ADVISING APPELLANT TO PLEAD GUILTY TO HAVING A WEAPON UNDER DISABILITY (WHERE THE DISABILITY IS A PRIOR CONVICTION FOR ATTEMPTED MURDER IN MONTGOMERY COUNTY, PA) WHICH HE DOES NOT HAVE, RENDERING HIS GUILTY PLEAS VOID."

**ANALYSIS**

{¶19} In his sole assignment of error, appellant argues the trial court should have granted his seventh untimely petition for post-conviction relief. We disagree.

{¶20} We first note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in relevant part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶21} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶22} This appeal shall be considered in accordance with the aforementioned rules.

{¶23} Appellant's seventh petition for post-conviction relief is untimely and does not meet any exceptions to the timeliness requirements under R.C. 2953.21(A)(2). R.C. 2953.21(A)(2) states that, "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of

the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." In this case, appellant filed a direct appeal, which was dismissed for want of prosecution. Appellant had 365 days after the expiration of the time for filing his appeal to file his petition for post-conviction relief.

{¶24} Further, appellant has not shown that he was unavoidably prevented from the discovery of the facts, there has been a new constitutional right recognized and there was a constitutional error at trial, or he was convicted of a felony and DNA established "actual innocence." R.C. 2953.23(A)(1) and (2). His seventh petition for post-conviction relief is untimely.

{¶25} Appellant's multiple petitions for post-conviction relief have also been determined to be successive petitions that did not satisfy the requirements of R.C. 2953.23. *Hill V.*, supra, at ¶ 24. We agree with the trial court this is another successive petition for post-conviction for relief.

{¶26} Any other arguments raised by appellant are barred under the doctrine of res judicata. As stated by the Supreme Court of Ohio in *State v. Perry,* 10 Ohio St.2d 175 (1967), paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for post-conviction relief. The *Perry* court explained the doctrine at 180–181 as follows:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant

at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

{¶27} Appellant's claims of counsel's ineffectiveness have also been addressed multiple times. His continued re-assertion of this argument is barred by res judicata. As we noted in *Hill V* at ¶ 28:

Hill entered a guilty plea to the charge of having a weapon under disability. A guilty plea waives any defect in either the preliminary process or the indictment. *Gibson v. Wilson*, 5th Dist. Richland No. 08CA85, 2009-Ohio-829, 2009 WL 449182, ¶ 14 citing *State v. Spates,* 64 Ohio St.3d 269, 595 N.E.2d 351, 1992-Ohio-130. We have previously found Hill's trial counsel provided effective representation and affirmed the validity of Hill's guilty plea in *State v. Hill*, 5th Dist. No. 2015CA00036, 2015-Ohio-3312 and *State v. Hill*, 5th Dist. 2017CA00235, 2018-Ohio-1270.

{¶28} The trial court lacked jurisdiction to consider appellant's untimely, successive petition for post-conviction relief. His claim of ineffective assistance of counsel is barred by res judicata. We therefore overrule appellant's sole assignment of error and affirmed the judgment of the trial court.

## CONCLUSION

{¶29} Appellant's sole assignment of error is overruled and the judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.