[Cite as *State v. Johnpillai*, 2023-Ohio-37.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2022 CA 00077 |
| JESSE JOHNPILLAI | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Licking County Court of
                              Common Pleas, Case No. 2002 CR 00272


JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       January 6, 2023


APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant

JENNY WELLS                           JESSE JOHNPILLAI
Licking County Prosecuting Attorney   Toledo Correctional Institution
                                      #A447950
ROBERT N. ABDALLA                     2001 East Central Avenue
Assistant Prosecuting Attorney        Toledo, Ohio 43608
20 S. Second Street
Newark, Ohio 43055

*Hoffman, J.*

**{¶1}** Defendant-appellant Jesse Johnpillai appeals the September 7, 2022 Judgment Entry entered by the Licking County Court of Common Pleas, which denied his motion to vacate void sentence.  Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE CASE[1]

**{¶2}** On June 12, 2002, the Licking County Grand Jury indicted Appellant on two counts of aggravated robbery, in violation of R.C. 2911.01(A)(I), felonies of the first degree.  Each count carried an attendant firearm specification. Appellant filed a written demand for discovery on June 28, 2002.  Appellant appeared before the trial court for arraignment on July 1, 2002, and entered a plea of not guilty to the Indictment.  On July 22, 2002, the state filed its discovery record, Notice of Intent, Bill of Particulars, and request for discovery. The trial court scheduled a jury trial for September 9, 2002.

**{¶3}** On September 3, 2002, Appellant filed a motion for a psychological evaluation of his present mental condition to determine his competency to stand trial, as well as his mental condition at the time of the offense. The trial court granted Appellant's motion via Judgment (Ordering Evaluations and Tolling Speedy Trial) filed September 4, 2002.  The trial court conducted a competency hearing on January 23, 2003.   Based upon the report, the trial court found Appellant competent to stand trial pursuant to R.C. 2945.37.  January 23, 2003 Judgment Entry.  Thereafter, the trial court scheduled a jury trial for April 1, 2003

**{¶4}** On April 1, 2003, Appellant advised the trial court he wished to withdraw his previously entered plea of not guilty and enter a plea of guilty to both counts of the

---

[1] A statement of the facts underlying Appellant's convictions is not necessary to our disposition of this Appeal.

Indictment. The trial court conducted a Crim. R. 11 colloquy with Appellant and determined Appellant was voluntarily entering his guilty plea, understood the nature of the charges, and understood the maximum penalty involved. The trial court further informed Appellant of the rights he was waiving as a result of his plea. Thereafter, the trial court permitted Appellant to withdraw his former plea of not guilty, accepted his guilty plea, and found Appellant guilty. The trial court deferred sentencing pending a presentence investigation report.

{¶5} On May 9, 2003, the trial court sentenced Appellant to three (3) years on each count of aggravated robbery, to run concurrently, and three years (3) on each firearm specification, to run consecutively to each other and the three-year term for the robberies, for an aggregate term of incarceration of nine (9) years. The trial court further ordered the nine-year term run consecutively to the sentence imposed on Appellant in Franklin County Court of Common Pleas Case No. 02CR-04-2394. The trial court's initial sentencing entry does not contain any notices regarding post-release control, nor explicitly impose a term of post-release control. Appellant did not appeal his convictions or sentence.

{¶6} R.C. 2929.191 was enacted on July 11, 2006, as part of H.B. 137, to address the continuing problems with post-release control notifications. R.C. 2929.191 created a statutory duty for the sentencing court to provide offenders prescribed notices regarding post-release control and further mandated post-release control language be incorporated into the sentencing entry. For sentences imposed prior to July 11, 2006, and not containing the now-statutorily-prescribed notices, R.C. 2929.191 allowed the

sentencing court to prepare and issue a correction to the judgment of conviction in order to bring the judgment in compliance with the new law.

{¶7} On January 11, 2011, in compliance with R.C. 2929.191, the trial court issued an Amended Judgment Entry, which added a five-year term of post-release control along with the statutorily-mandated notice. Appellant did not file an appeal from the amended sentencing entry.

{¶8} On March 24, 2014, Appellant filed a motion for judicial release, which the trial court denied via Judgment Entry filed March 31, 2014. Appellant filed a motion to vacate a void sentence and for resentencing on May 2, 2022. The trial court appointed counsel for Appellant. On August 12, 2022, and September 8, 2022, respectively, the Licking County Prosecutor's Office and Franklin County Prosecutor's Office filed memoranda in response to Appellant's motion. Via Judgment Entry filed September 7, 2022, the trial court treated Appellant's motion as a petition for post-conviction relief and denied the same as untimely and barred by the doctrine of res judicata.

{¶9} It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. BECAUSE THE DEFENDANT WAS NOT SENTENCED TO POSTRELEASE CONTROL AT THE SENTENCING HEARING ON MAY 9, 2003, AND INSTEAD POSTRELEASE CONTROL WAS IMPOSED BY AND AMENDED ENTRY FILED 8 YEARS LATER, THE SENTENCE IS VOID AND MUST BE VACATED, AND A RESENTENCING HEARING

MUST BE HELD PURSUANT TO *STATE V. FISCHER*, 128 OHIO ST.3D 92, 2010-OHIO-6238, 942 N.E.2D 332, AT P30.

II. THE INDICTMENT IS DEFECTIVE BECAUSE IT ALLEGES MULTIPLE, IDENTICAL, AND UNDIFFERENTIATED CHARGES IN COUNTS ONE AND TWO, AND THIS DEFECT WAS NOT CURED DURING THE COURSE OF THE TRIAL COURT PROCEEDINGS, IN VIOLATION OF THE DOUBLE JEOPARDY AND DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.

III. THE DEFENDANT'S SENTENCE AND PLEA MUST BE VACATED BECAUSE THERE IS NOT RECORD OF THE PLEA HEARING OR THE SENTENC-HEARING [SIC] IN THE INSTANT CASE.

IV. THE DEFENDANT DOES NOT HAVE A FINAL APPEALABLE ORDER AS THE JUDGMENT ENTRIES FILED IN THE INSTANT CASE ARE IN VIOLATION OF CRIM. R. 32(C) AND *STATE V. BAKER*, 119 OHIO ST.3D 197, 2008-OHIO-3330, 893 N.E.2D 163.

I

**{¶10}** In his first assignment of error, Appellant maintains the trial court's January 11, 2022 Amended Sentencing Judgment Entry is void pursuant to *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332.

**{¶11}** The Ohio Supreme Court overruled *State v. Fischer*, supra, in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248. The *Harper* Court held "when a case is within the court's subject matter jurisdiction and the accused is properly

before the court, any error in the exercise of that jurisdiction in imposing post-release control renders the court's judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal." *Id.* at ¶ 4.

{¶12} When a sentencing court has jurisdiction to act, sentencing errors render the sentence "voidable, not void, and [the sentence] is not subject to collateral attack." *Id.* at ¶ 5. Following *Harper*, the Ohio Supreme Court in *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, held "sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant" *Id* at ¶ 1.  The *Henderson* Court further stated, "[I]f a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court." *Id.* at ¶ 19, (Citation omitted).

{¶13} The doctrine of *res judicata* is applicable to postconviction relief proceedings. *State v. Nichols*, 11 Ohio St.3d 40, 463 N.E.2d 375 (1984), paragraph two of the syllabus. (Citation omitted). Moreover, *res judicata* has been utilized to justify dismissal of postconviction relief proceedings where the issue in question was never raised on direct appeal from the original judgment and sentence. *Id.* at *42. (Citation omitted).

{¶14} Because Appellant could have, but did not, raise his claimed sentencing error on direct appeal, the error is now barred by the doctrine of res judicata.

{¶15} Appellant's first assignment of error is overruled.

II

**{¶16}** In his second assignment of error, Appellant asserts the Indictment was defective and the trial court violated his due process rights and his right against double jeopardy by failing to cure the defects were not cured during the proceedings.

**{¶17}** As discussed supra, Appellant failed to appeal his convictions or sentence, and as such, any issues which could have been raised on direct appeal are now barred by the doctrine of res judicata. In addition, " 'a guilty plea represents a break in the chain of events which has preceded it in the criminal process.' " *State v. Spates,* 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), quoting *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). "When a criminal defendant admits to the facts contained in the indictment, all independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea are thereby waived." *State v. Patterson,* 5th Dist. Muskingum No. CT2012–0029, 2012–Ohio–5600, ¶ 19. (Citation omitted). This waiver includes any right to challenge defects in the Indictment. *State v. Martin,* 8th Dist. No. 95281, 2011–Ohio–222, ¶ 20.

**{¶18}** Appellant's second assignment is overruled.

III

**{¶19}** In his third assignment of error, Appellant argues his sentence and plea must be vacated as there is no record of either the change of plea hearing or the sentencing hearing.

**{¶20}** Although not captioned as such, Appellant's motion was, and the trial court properly treated it as, a petition for post-conviction relief. The caption of a pro se pleading does not define the nature of the pleading. *State v. Reynolds*, 79 Ohio St.3d

158, 160, 679 N.E.2d 1131 (1997). Thus, if the pleading meets the definition of a petition for post-conviction relief, it must be treated as such, regardless of the manner in which appellant actually presents the motion to the court. *State v. Green*, 5th Dist. Knox No. 15–CA–13, 2015–Ohio–4441, ¶ 10. A motion meets the definition of a motion for post-conviction relief set forth in R.C. 2953.21(A)(1) if it is (1) filed subsequent to direct appeal; (2) claims a denial of constitutional rights; (3) seeks to render the judgment void; and (4) asks for vacation of the judgment and sentence. *Reynolds*, supra, 79 Ohio St.3d at 160.

{¶21} Appellant's post-conviction relief was filed well beyond the time limits set by R.C. 2953.21, which requires a petition for to be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction, or 365 days after the expiration of the time for filing an appeal if no direct appeal is filed. Appellant was convicted and sentenced in 2003; therefore, the petition was untimely.

{¶22} Appellant failed to present evidence to establish any of the exceptions to R.C. 953.23(A)(1) apply to the untimely motion. Appellant did not demonstrate he was unavoidably prevented from discovering facts to present his claim or that a new federal or state right accrued retroactively to his claim. R.C. 2953.23(A)(1)(a). Nor did he demonstrate by clear and convincing evidence that, but for a constitutional error, no reasonable factfinder would have found him guilty of the offense as he pled guilty to the charge. R.C. 2953.23(A)(1)(b).

{¶23} When a petition for post-conviction relief is filed untimely and does not meet the requirements of R.C. 2953.23(A)(1), a trial court lacks jurisdiction to entertain

the merits of the petition. *State v. Lynn*, 5th Dist. Muskingum No. CT2007–0046, 2008–Ohio–2149. Accordingly, the trial court did not err in denying Appellant's motion.

**{¶24}** Further, pursuant to res judicata, Appellant is barred by res judicata from raising the issues raised therein.

**{¶25}** Appellant's third assignment of error is overruled.

IV

**{¶26}** In his final assignment of error, Appellant claims the judgment entries issued by the trial court violate Crim. R. 32(C) and *State v. Baker,* 119 Ohio St.3d. 197, 2008–Ohio–3330, 893 N.E.2d 163.

**{¶27}** Appellant is appealing from the trial court's denial of his motion to vacate a void judgment.  As noted, supra, Appellant's motion was a petition for post-conviction relief. A judgment entry, which denies a petition for post-conviction relief, is a final, appealable order, regardless of its substance or form. *State v.* Perry, 8th Dist. Nos. 110764 and 110954, 2022-Ohio-2132, ¶ 18. (Citation omitted).

**{¶28}** Appellant's fourth assignment of error is overruled.

**{¶29}** The judgment of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur