[Cite as *State v. Berg*, 2026-Ohio-535.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 2025 CA 0025 |
| Plaintiff – Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Coshocton County Court of Common Pleas, Case No. 14 CR 003 |
| ROBERT E. BERG | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: February 17, 2026 |

**BEFORE:**   WILLIAM B. HOFFMAN, P.J., ROBERT G. MONTGOMERY, J., & KEVIN W. POPHAM, J.; Appellate Judges

**APPEARANCES:** BENJAMIN E. HALL, for Plaintiff-Appellee; ROBERT E. BERG, Pro Se, (Inmate #775-126) for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}   Appellant Robert Berg appeals the judgment entry of the Coshocton County Court of Common Pleas denying his motion for resentencing.  Appellee is the State of Ohio.  For the reasons below, we affirm.

*Facts & Procedural History*

{¶2}   On January 23, 2014, Berg was charged via indictment with three counts: Count 1, failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a felony of the third degree, Count 2, breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree, and Count 3, theft in violation

of R.C. 2913.02(A)(1), a misdemeanor. Regarding Count 1, the indictment contains the following language:

On December 15, 2013, appellant operated a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his vehicle to a stop when said operation of the vehicle by the offender caused a substantial risk of serious physical harm to persons or property making this offense a violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a felony of the third degree.

{¶3} Berg agreed to enter guilty pleas to Counts 1 and 2. In exchange, the State dismissed Count 3 and agreed to take no position on Berg's sentence. On April 21, 2014, Berg signed a plea of guilty form. At the plea hearing, the trial judge inquired of Berg - "you will also be subject to a driver's license suspension, do you understand that, for the offense of Count 1, that's failure to comply with the order or signal of the police officer? Do you understand that?" Berg responded, "yes, your honor." The trial judge then asked Berg if he had any questions about the penalties for any of the charges, and Berg responded, "no, your honor." The trial court accepted Berg's pleas of guilty, ordered a pre-sentence investigation, and set a sentencing date of August 4, 2014.

{¶4} At the August 4, 2014, sentencing hearing, counsel for Berg asked for the trial judge to impose the minimum license suspension, which was a period of three years. The trial court discussed the license suspension. The trial judge noted that Berg had previous convictions for driving under suspension and that Berg admitted he was under the influence of drugs and alcohol at the time the crimes were committed in this case. The trial judge stated, "as for the license suspension required by R.C. 2921.331(E),

[Berg's] license to operate a motor vehicle in the State of Ohio is suspended for life." Similarly, the sentencing judgment entry issued on August 7, 2014, stated, "[Berg's] license to operate a motor vehicle is suspended for life." Berg did not file a direct appeal of his conviction or sentence.

{¶5} On May 17, 2019, Berg filed a motion to reconsider/motion to modify the lifetime license suspension. Berg requested his lifetime license suspension be modified so he could petition the court for driving privileges. On June 4, 2019, the trial court denied the motion.

{¶6} On October 9, 2025, Berg filed a motion for resentencing - arguing that his sentence is not authorized by law due to the lifetime license suspension. On October 20, 2025, the trial court denied the motion.

{¶7} Berg appeals the October 20, 2025, judgment entry of the Coshocton County Court of Common Pleas and assigns the following as error:

{¶8} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE APPELLANT'S MOTION FOR RESENTENCING WHEN THE CHARGE OF FAILURE TO COMPLY IN VIOLATION OF R.C. 2921.331(B) WAS NOT ACCOMPANIED WITH ANY MATERIAL ELEMENT FOR A LICENSE SUSPENSION, AND THE COURT WAS WITHOUT AUTHORITY TO ADD AN ELEMENT THAT WAS NOT IN THE INDICTMENT, RENDERING THAT PORTION OF THE SENTENCE VOID, AND CALLS FOR RESENTENCING."

I.

{¶9} In Berg's brief, he makes several arguments as to why his sentence is allegedly "void" due to the lifetime license suspension and, thus, not subject to res judicata. We disagree.

{¶10} First, Berg contends the indictment does not contain R.C. 2921.331(C)(5)(a)(ii), thus rendering any lifetime suspension of driving privileges void. Berg is incorrect. The indictment filed on January 23, 2014, clearly contains both the code section (R.C. 2921.331(C)(5)(a)(ii)) and the pertinent language contained in the code section ("the operation of the vehicle caused a substantial risk of serious physical harm to persons or property").

{¶11} Second, Berg argues that the indictment is invalid because it does not contain an "essential element" of the crime, i.e., R.C. 2921.331(E), the license suspension. Berg seems to contend that a mandatory license suspension must be included within the body of the indictment as an element of the crime. However, a license suspension is not an element of the offense charged under R.C. 2921.331; rather, it is part of the maximum penalty for the charges. *State v. Hendershot*, 2017-Ohio-8112, ¶ 28 (5th Dist.); *State v. Johnson*, 2025-Ohio-149, ¶ 35 (1st Dist.) (the suspension of a defendant's driver's license is part of the "maximum penalty involved"); *State v. Ross*, 2023-Ohio-1800, ¶ 21 (5th Dist.).

{¶12} Because Berg's sentence is not void, his challenge to his license suspension is barred by the doctrine of res judicata. "A convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was

raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996). Berg could have challenged his license suspension in his direct appeal. He failed to do so. As a result, the present challenge to his license suspension is barred by res judicata. *State v. Fryer*, 2022-Ohio-1374, ¶ 26 (5th Dist.).

{¶13} We additionally find that Berg's argument concerning the indictment is barred by the doctrine of waiver. Berg's argument is premised on his assertion that the indictment in the case was invalid or defective. Berg pled guilty to the charges as part of a negotiated plea. "A guilty plea represents a break in the chain of events which has preceded it in the criminal process." *State v. Spates*, 64 Ohio St.3d 269, 272 (1992) quoting *Tollett v.* Henderson, 411 U.S. 258, 267 (1973). Thus, a guilty plea waives any defect in either the preliminary process or the indictment. *State v. Hill*, 2019-Ohio-4429, ¶ 27 (5th Dist.); *State v. Johnpillai*, 2023-Ohio-37, ¶ 17 (5th Dist.); *State v. Orenich*, 2025-Ohio-1367, ¶ 19 (8th Dist.). Thus, by pleading guilty, Berg waived any alleged defect in the indictment.

{¶14} Based on the foregoing, Berg's assignment of error is overruled.

For the reasons stated in our Opinion, the judgment of the Coshocton County Court of Common Pleas is affirmed.

Costs to Appellant, Robert Berg.

By: Popham, J.

Hoffman, P.J. and

Montgomery, J., concur