[Cite as *State v. Bender*, 2021-Ohio-1933.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO.  8-20-64

    v.

JASON G. BENDER,                           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 18 08 0234

**Judgment Affirmed**

**Date of Decision:  June 7, 2021**

APPEARANCES:

    *Jason G. Bender,* Appellant

    *Alice Robinson-Bond* for Appellee

Case No. 8-20-64

**MILLER, J.**

{¶1} Defendant-appellant, Jason G. Bender, appeals the November 18, 2020 judgment of the Logan County Court of Common Pleas dismissing his petition for postconviction relief. For the reasons that follow, we affirm.

*Background*

{¶2} On July 2, 2018, charges were filed against Bender in Marysville Municipal Court case number CRA 1800168 for rape, kidnapping, having weapons while under disability, and felonious assault. The victim in the case was Bender's then-romantic partner, K.W. On July 7, 2018, Bender visited Charles Tatman, a witness in the case, at a campsite in Logan County to discuss the pending matter. During the conversation, Bender allegedly carried a firearm. On July 13, 2018, Bender returned to the campsite to threaten Tatman not to testify against him in the matter. That same day, the Union County Grand Jury indicted Bender on four counts: felonious assault with a firearm specification, kidnapping with a sexual-motivation specification, rape with a sexually-violent-predator specification and a criminal-gang activity specification, and having weapons while under disability. *State v. Bender*, 3d Dist. Union No. 14-19-22, 2020-Ohio-722, ¶ 2.[1]

{¶3} On August 14, 2018, the Logan County Grand Jury indicted Bender on three counts in Logan County case number CR 18 08 0234: Count One of having

---

[1] After the Union County Grand Jury indicted Bender, the Marysville Municipal Court dismissed its complaint on July 16, 2018.

weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony; and Counts Two and Three of intimidation of an attorney, victim, or witness in a criminal case in violation of R.C. 2921.04(B)(2), third-degree felonies. The counts in the Logan County indictment all related to Bender's interactions with Tatman on July 7 and July 13, 2018. On December 17, 2018, Bender appeared for arraignment in the Logan County matter and entered pleas of not guilty to the counts in the indictment.

{¶4} A change of plea hearing was held on May 8, 2019, at which time Bender withdrew his previous plea of not guilty and pleaded guilty to Count Two of the Logan County indictment. In exchange, the State agreed to recommend dismissal of the remaining counts in the indictment. The trial court accepted Bender's guilty plea and found him guilty of Count Two. Additionally, the trial court dismissed the remaining counts of the Logan County indictment. The matter was continued for the preparation of a pre-sentence investigation. The trial court filed its judgment entry of conviction on May 10, 2019.

{¶5} On April 24, 2019, a Union County jury found Bender guilty of all the counts and specifications in the Union County indictment. *Bender*, 2020-Ohio-722, at ¶ 5. On May 29, 2019, the Union County Court of Common Pleas sentenced

Bender to an aggregate term of 30 years in prison and classified Bender as a Tier III sex offender.[2] *Id.*

{¶6} The sentencing hearing in the Logan County case was held on May 31, 2019. The trial court sentenced Bender to 36 months in prison to be served consecutively to his sentence in the Union County case. That same day, the trial court filed its judgment entry of sentence.

{¶7} On December 18, 2019, Bender filed a notice of appeal in the Logan County case. However, this Court dismissed the appeal due to the untimely filing of the notice of appeal.

{¶8} On October 20, 2020, Bender filed a motion in the trial court to vacate his conviction and sentence for lack of subject-matter jurisdiction. In his memorandum in support, Bender argued for the first time that because the Union County Court of Common Pleas had jurisdiction over his underlying case, it therefore had exclusive subject-matter jurisdiction over the allegations he intimidated a witness in that case. Accordingly, Bender alleged the Logan County Court of Common Pleas did not have subject-matter jurisdiction to enter a conviction and sentence stemming from his threatening Tatman. As a result, Bender

---

[2] Bender appealed his conviction and sentence in the Union County case to this Court and raised three assignments of error for our review. *State v. Bender*, 3d Dist. Union No. 14-19-22, 2020-Ohio-722, ¶ 6. However, we rejected Bender's arguments and affirmed the judgment of the trial court. *Id.* at ¶ 37. Bender appealed our decision to the Supreme Court of Ohio, which declined jurisdiction. *State v. Bender*, 159 Ohio St.3d 1447.

contended that his conviction and sentence in the Logan County case are void and must be vacated.

{¶9} On October 23, 2020, the State filed its memorandum in opposition to Bender's motion to vacate his conviction and sentence. The State argued that Bender confused the concepts of territorial jurisdiction, which is a subject-matter jurisdiction issue, with venue. The State contended that in this case, where Bender's actions in threatening Tatman actually occurred in Logan County, the Logan County Court of Common Pleas had subject-matter jurisdiction over the proceedings, and that Logan County had venue. Further, the State argued Bender waived any challenge to the venue by entering a guilty plea.

{¶10} On November 18, 2020, the trial court denied Bender's motion to vacate his conviction and sentence for lack of subject-matter jurisdiction. In its judgment entry denying Bender's motion, the trial court found Bender was conflating the distinct issues of subject-matter jurisdiction and venue. The trial court found that although Bender purported to argue the trial court lacked subject-matter jurisdiction with respect to the Logan County matters, Bender was actually challenging venue. Accordingly, the trial court found Bender waived venue when he entered a guilty plea to the intimidation of the witness charge. Further, the trial court found Bender's post-conviction petition was not timely.

{¶11} Bender filed his notice of appeal on December 10, 2020. He raises two assignments of error for our review, which we will address together.

**Assignment of Error No. I**

**Trial court erred in finding Appellant's issue was a question of venue and not a lack of subject-matter jurisdiction issue.**

**Assignment of Error No. II**

**Trial court erred when it determined that Appellant's motion was an untimely filed post-conviction petition, pursuant to R.C. 2953.21.**

{¶12} In his first assignment of error, Bender argues the trial court erred by finding that it had subject-matter jurisdiction to adjudicate the Logan County matter. In his second assignment of error, Bender contends the trial court erred by finding that his motion for postconviction relief was untimely.

{¶13} As an initial matter, we must consider whether the trial court properly treated Bender's motion as a petition for postconviction relief. Bender's motion to vacate his conviction and sentence for lack of subject-matter jurisdiction does not specifically reference R.C. 2953.21. However, Bender's motion asserts the same claims and requests for relief as a petition filed pursuant to R.C. 2953.21. Further, neither Bender nor the State objected to the trial court's characterization of Bender's motion as a petition for postconviction relief, and both have referred to it as such in subsequent filings. "The Supreme Court of Ohio has held that a trial court 'may recast irregular motions into whatever category necessary to identify and establish

the criteria by which the motion should be judged.'" *State v. Norman*, 10th Dist. Franklin No. 19AP-106, 2019-Ohio-4020, ¶ 11, quoting *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. Additionally, in *State v. Reynolds*, the Ohio Supreme Court concluded that a motion styled as "Motion to Correct or Vacate Sentence" was properly classified as a petition for postconviction relief because it "(1) [was] filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render judgment void, and (4) asked for vacation of the judgment and sentence." *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). *See Norman* at ¶ 11; *State v. Parham*, 8th Dist. Cuyahoga No. 108716, 2020-Ohio-496, ¶ 9. Accordingly, we find that the trial court did not err by treating Bender's motion to vacate his conviction and sentence for lack of subject-matter jurisdiction as a petition for postconviction relief.

*Standard of Review & Relevant Law*

{¶14} "R.C. 2953.21 governs petitions for post-conviction relief." *State v. Wine*, 3d Dist. Auglaize No. 2-15-07, 2015-Ohio-4726, ¶ 10. The statute sets forth who may petition for postconviction relief:

> Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The

petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

R.C. 2953.21(A)(1)(a) (Apr. 6, 2017) (current version at R.C. 2953.21(A)(1) (Apr. 12, 2021)).

{¶15} "The filing of a petition for postconviction relief does not automatically entitle the petitioner to an evidentiary hearing." *State v. Andrews*, 3d Dist. Allen No. 1-11-42, 2011-Ohio-6106, ¶ 11, citing *State v. Calhoun*, 86 Ohio St.3d 279, 282 (1999). Under R.C. 2953.21(D), "[b]efore granting a hearing on a petition filed under [R.C. 2953.21(A)], the court shall determine whether there are substantive grounds for relief."

> In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.

R.C. 2953.21(D) (Apr. 6, 2017) (current version at R.C. 2953.21(D) (Apr. 12, 2021)).

{¶16} "We review the trial court's dismissal of a post-conviction petition without a hearing for abuse of discretion." *State v. Jeffers*, 10th Dist. Franklin No. 10AP-1112, 2011-Ohio-3555, ¶ 23. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When the abuse of discretion standard applies, an

appellate court is not to substitute its judgment for that of the trial court. *State v. Thompson*, 3d Dist. Henry No. 7-16-10, 2017-Ohio-792, ¶ 11.

{¶17} In his first assignment of error, Bender argues the trial court erred by determining it had subject-matter jurisdiction to adjudicate the Logan County matter. Venue and subject-matter jurisdiction are distinct legal concepts. *State v. Wilson*, 5th Dist. Richland No. 14CA16, 2014-Ohio-3286, ¶ 14. R.C. 2901.11 grants jurisdiction to Ohio courts over criminal cases that occur in the State. "'Jurisdiction' means 'the courts' statutory or constitutional power to adjudicate the case.'" *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11, quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89, 118 S.Ct. 1003 (1998) and citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972), paragraph one of the syllabus. The term encompasses jurisdiction over the subject matter or jurisdiction over the person. *State v. Williams*, 53 Ohio App.3d 1, 4-5 (10th Dist.1988).

{¶18} Ohio common pleas courts have "original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03; *State v. Mitchell*, 5th Dist. Guernsey No. 07 CA 17, 2008-Ohio-101, ¶ 32. Accordingly, a common pleas court has subject-matter jurisdiction over felony cases. *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, ¶ 8. R.C. 2901.11(A) provides, "A person is subject to criminal prosecution and punishment in this state if * * * [t]he

person commits an offense under the laws of this state, any element of which takes place in this state."

{¶19} "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Pratts* at ¶ 11. "It is a 'condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void.'" *Id.*, quoting *State ex. rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998), citing *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph three of the syllabus.

{¶20} Whether a trial court has subject-matter jurisdiction over a case is a question of law reviewed de novo. *Jones v. Jones*, 179 Ohio App.3d 618, 2008-Ohio-6069, ¶ 19 (3d Dist.). *See State v. Martinez*, 3d Dist. Seneca Nos. 13-11-32 and 13-11-21, 2012-Ohio-3750, ¶ 23 ("A trial court's decision granting or denying a motion to dismiss for lack of subject-matter jurisdiction is reviewed de novo.").

{¶21} On the other hand, "venue," which is governed by R.C. 2901.12, "refers to 'the appropriate place of trial for a criminal prosecution (or dispute) as between different geographical subdivisions within a state, it being assumed that the court or courts involved have subject matter jurisdiction.'" *State v. Burley*, 6th Dist. Wood No. WD-18-076, 2020-Ohio-4603, ¶ 17, quoting *State v. Shrum*, 7 Ohio App.3d 244, fn. 2 (1st Dist.1982). The right to proper venue is codified in R.C. 2901.12(A), which provides that the "trial of a criminal case in this state shall be

held in a court having jurisdiction of the subject matter, and * * * in the territory of which the offense or any element of the offense was committed." "In contrast with subject matter jurisdiction, which may be challenged at any time, venue is not jurisdictional." *State v. Buoni*, 10th Dist. Franklin Nos. 11AP-111, 11AP-148, and 11AP-149, 2011-Ohio-6665, ¶ 11.

{¶22} "Venue is not a material element of any offense charged." *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 143. "Nevertheless, venue is a fact that must be proved beyond a reasonable doubt unless it is waived by the defendant." *Id*. "'[A] defendant's plea of guilty precludes his right to challenge the factual issue of venue.'" *State v. Rivera*, 6th Dist. Lucas No. L-13-1177, 2014-Ohio-2690, ¶ 9, quoting *State v. Peters*, 6th Dist. Sandusky No. S-95-010, 1995 WL 668915 (Nov. 9, 1995).

*Analysis*

{¶23} Here, Bender was indicted by the Logan County Grand Jury on August 14, 2018. The indictment charged Bender with three felonies that were alleged to have occurred on July 7 and July 13, 2018 in Logan County, Ohio. Accordingly, the Logan County Court of Commons Pleas had subject-matter jurisdiction over the events that occurred in Logan County. *See State v. Poissant*, 5th Dist. Fairfield No. 08 CA 7, 2009-Ohio-4235, ¶ 20.

{¶24} Bender does not dispute that the actions underlying the Logan County offenses occurred in Logan County, Ohio. Rather, Bender contends the Union County Court of Common Pleas had exclusive subject-matter jurisdiction over his actions on July 13, 2018, in Logan County, Ohio because his actions in Logan County were related to the pending charges in the Union County Court of Common Pleas. Specifically, Bender argues his alleged conduct in Logan County on July 13, 2018, "could constitute an unrelated offense," but because the Union County Court of Common Pleas had already indicted him on charges relating to his conduct in Union County, Union County had exclusive jurisdiction over "the whole issue." Bender reasons that because his alleged intimidation of Tatman in Logan County would not have occurred without the underlying charges in the Union County matter, that the Union County Court of Common Pleas had exclusive jurisdiction over the alleged events which occurred in Logan County. Bender is incorrect.

{¶25} The criminal activity alleged in the Logan County case involves different victims, different acts, and occurred at different locations than the Union County case and are separate crimes. Further, there is no evidence that Bender has been, or will be, subject to prosecution in Union County or another jurisdiction for the intimidation offense that he was found guilty of in Logan County. Thus, the existence of the Union County case does not divest the Logan County Court of Common Pleas of subject-matter jurisdiction over Bender's actions in Logan

County on July 7 and July 13, 2018. *See State v. Gomez*, 5th Dist. Muskingum No. CT2018-0025, 2019-Ohio-481, ¶ 38.

{¶26} Moreover, Bender entered a guilty plea to Count Two of the indictment, and the indictment included language specifying that Count Two occurred in Logan County. Because Bender entered a guilty plea to Count Two, the State was no longer required to prove venue beyond a reasonable doubt. The facts before the trial court, as admitted by the guilty plea, established that Count Two of the indictment occurred in Logan County, Ohio, making venue in Logan County proper. Further, by entering a guilty plea to the charge in the Logan County indictment, Bender has waived his ability to challenge the factual issue of venue. *See Rivera*, 2014-Ohio-2690, at ¶ 9; *State v. Montgomery*, 3d Dist. Putnam No. 12-13-11, 2014-Ohio-1789, ¶ 14 (finding that the defendant waived the issue of venue by failing to raise it at the trial court level).

{¶27} We find the Logan County Court of Common Pleas had subject-matter jurisdiction over this matter and that Bender waived his ability to challenge the factual issue of venue by entering a guilty plea. The trial court did not err by denying Bender's petition for postconviction relief. Thus, Bender's first assignment of error is overruled. Further, because we have determined that the Logan County Court of Common Pleas had subject-matter jurisdiction and that Bender has waived his ability to challenge venue, we need not determine whether the trial court erred by

determining that his petition for postconviction relief was untimely. Accordingly, Bender's second assignment of error is overruled.

{¶28} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Logan County Court of Common Pleas.

*Judgment Affirmed*

**ZIMMERMAN and SHAW, J.J., concur.**

**/jlr**