[Cite as *State v. Fryer*, 2022-Ohio-1374.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DOUGLAS L. FRYER, | : | Case No. 21-CA-00015 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Perry County Court
of Common Pleas, Case No. 06-CR-
0060


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     April 22, 2022


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOSEPH A. FLAUTT                     DOUGLAS L. FRYER, Pro Se
Prosecuting Attorney                    Marion Correctional Institue
111 North High Street                    P.O. Box 57
P.O. Box 569                         Marion, Ohio 43301
New Lexington, Ohio 43764-0569        Inmate #548-092

*Baldwin, J.*

{¶1} Defendant-appellant Douglas L. Fryer appeals from the September 21, 2021 Entry of the Perry County Court of Common Pleas denying his Motion to Remove Undifferentiated, Identically Worded, Carbon Copy Charges due to Double Jeopardy and Due Process Violations, and Failure to Give Notice. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant was indicted in 2006 on thirty-one counts of Gross Sexual Imposition in violation of R.C. Section 2907.05(A), all third degree felonies, and one count of Rape in violation of R.C. Section 2907.02(A)(1)(b), a felony of the first degree. He pleaded guilty to fifteen of the counts of Gross Sexual Imposition and the count of Rape on March 20, 2007. The balance of the counts was nolled. The Judgment Entry noting the change of plea was filed by the trial court on March 27, 2007.

{¶3} On April 17, 2007, appellant was sentenced by the trial court and was found to be a sexual predator. This was pursuant to an agreement between the state and appellant. The Termination Judgment Entry was filed by the trial court on April 18, 2007.

{¶4} The court reviewed the Notice of Registration Duties of Sexually Oriented Offender or Child–Victim Offender. The form was signed by appellant and filed with the court on April 7, 2007. A direct appeal was not filed by appellant on any issues from either hearing.

{¶5} On March 12, 2014, appellant filed a Motion to Correct Sentence. A request for an evidentiary hearing on appellant's classification as a sex offender was made therein. By Entry filed June 6, 2014, the court granted the motion in part in accordance with Criminal Rule 32(C) and the Ohio Supreme Court's decisions in *State v. Baker,* 119

Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163  and *State v. Lester,* 130 Ohio St.3d 303, 2011–Ohio–5204, 958 N.E.2d 142. However, the trial court denied appellant's request for an evidentiary hearing. The nunc pro tunc termination entry was filed June 18, 2014.

**{¶6}** Appellant appealed the trial court's denial of his request for an evidentiary hearing. *State v. Fryer,* 5th Dist. Perry No. 14–CA–17, 2015-Ohio-509, 2015 WL 628334. ["*Fryer I* "]. In *Fryer I*, appointed counsel filed an appellate brief. *Fryer I,* ¶ 9. Appointed counsel raised as his sole assignment of error, "I. THE TRIAL COURT ERRED IN REFUSING TO HOLD AN EVIDENTIARY HEARING AS TO APPELLANT'S STATUS AS A SEXUAL PREDATOR." *Fryer I,* ¶ 7. Appellant himself filed a pro se brief, which in the interest of justice this Court considered. *Fryer I,* ¶ 12. Appellant raised as his sole assignment of error, "I. THE TRIAL COURT ERREED [SIC.] LIN [SIC.] TRYING AND CONVICTING OF CRIMES THAT WERE NOT SPECIFIC TO DISTINGUISH DIFFERENT CRIMES CHARGED DUE TO DUPLICITOUS INDICTMENT." *Fryer I,* ¶ 13.

**{¶7}** This Court overruled counsel's and appellant's pro se assignments of error and affirmed the June 6, 2014 Judgment Entry of the Perry County Court of Common Pleas. *Fryer I,* ¶ 26.

**{¶8}** On May 1, 2015, appellant pro se filed a "Motion for Hearing" contending: he was not notified of his right to appeal during the original sentencing hearing; the trial court failed to properly notify him concerning post release controls; the trial court failed to conduct the classification hearing in accordance with R.C. 2950.09(B)(2); and the nunc pro tunc judgment violates Crim.R. 32(C), *State v. Baker,* 119 Ohio St.3d 197,

2008-Ohio-3330, 893 N.E.2d 163  and *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142.

{¶9}   The state filed a response on May 18, 2015. By Judgment Entry filed May 20, 2015, the trial court denied appellant's motion. Appellant then appealed, raising the following assignments of error on appeal:

{¶10}  "I. THE TRIAL COURT ERRED WHEN DISREGARDING STATUTORY REQUIREMENTS WHEN IT DID NOT COMPLY WITH 32(B)."

{¶11}  "II. THE TRIAL COURT ERRED WHEN IT DID NOT MAKE THE FINDINGS OR ADJUDICATION OF GUILT IN THE RECORDS."

{¶12}  "III. THE TRIAL COURT ERRED WHEN IT DID NOT COMPLY WITH R.C. 2929.191 BY NOT HOLDING A HEARING WITH THE DEFENDANT PRESENT."

{¶13}  "IV. THE TRIAL COURT ERRED WHEN THE COURT DISREGARDED AND FAILED TO EXERCISE ITS STATUTORILY REQUIRED DUTIES DURING THE DEFENDANTS [SIC.] ALLEGED CLASSIFICATION HEARING."

{¶14}  Pursuant to an Opinion filed on November 2, 2015 in *State v. Fryer,* 5th Dist. Perry No. 15-CA-00013, 2015-Ohio-4573, this Court affirmed the judgment of the trial court.

{¶15}  Appellant then filed a "Motion to Dismiss Indictment; Vacate Void Judgment and Conviction for Improperly Acquiring Subject Matter Jurisdiction" on February 16, 2018. The trial court denied the motion on February 26, 2018. Appellant filed a notice of appeal on March 19, 2018 and raised three assignments of error:

**{¶16}** "I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT FAILED TO DISMISS INDICTMENT FOR LACK OF SUBJECT MATTER JURISDICTION."

**{¶17}** "II. TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN DISMISSING MOTION TO CORRECT VOID SENTENCE AS THE TRIAL COURT WAS IN VIOLATION OF R. C. 2929.11 AND R. C. 2929.12."

**{¶18}** "III. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF DEFENDANT APPELLANT AS THE TRIAL COURT HAS NO AUTHORITY TO IMPOSE A SENTENCE CONTRARY TO LAW."

**{¶19}** This Court, in an Opinion filed on July 30, 2018 in *State v. Fryer*, 5th Dist. Perry No. 18 CA 00005, 2018-Ohio-3024, affirmed the judgment of the trial court.

**{¶20}** Thereafter, on September 16, 2021, appellant filed a "Motion to Remove Undifferentiated, Identically Worded, Carbon Copy Charges due to Double Jeopardy and Due Process Violations, and Failure to Give Notice". Appellant, in his motion, alleged that his guilty plea to fifteen counts of Gross Sexual Imposition was entered "without notice as to which charges he was to be facing as to the G.S.I. charges as for and to these charges are carbon copy, manifold and mulitplicitous (sic). Neither (sic) charge is differentiated in any form to give notice to which charge he would or could be facing as charge (sic) in the indictment."

**{¶21}** The trial court denied appellant's motion pursuant to an Entry filed on September 17, 2021.

**{¶22}** Appellant now raises the following assignments of error on appeal:

**{¶23}** "I. THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION AND ERRED WHEN A DEFENDANT-APPELLANT IS DENIED DUE PROCESS OF LAW AND PLACED IN DOUBLE JEOPARDY WHEN HE IS TRIED AND CONVICTED ON AN INDICTMENT WHICH DOES NOT DISTINGUISH BETWEEN CONDUCT ON ANY GIVEN DATE."

**{¶24}** "II. THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION AND ERRED WHEN IT FAILED TO PROPERLY DISMISS "HANGING CHARGES" PURSUANT TO Crim.R. 48(A) AND R.C. 2941.33 ALSO VIOLATING HIS DUE PROCESS RIGHTS AND PLACING HIM IN DOUBLE JEOPARDY."

I, II

**{¶25}** Appellant, in his two assignments of error, argues that the trial court erred in denying his "Motion to Remove Undifferentiated, Identically Worded, Carbon Copy Charges due to Double Jeopardy and Due Process Violations, and Failure to Give Notice."

**{¶26}** A defendant may challenge the sufficiency of an indictment only by direct appeal. Crim R 12(C); *State v. Jackson,* 5th Dist. Knox No. 94–CA–26, 1995WL497632(Aug. 4, 1995) (citing *State, ex rel. Hadlock v. McMackin,* 61 Ohio St.3d 433, 434, 575 N.E.2d 184(1991)). To the extent that appellant argues the indictment was defective, he waived that argument by failing to raise it before trial. See Crim. R. 12(C)(2); *State v. Schultz,* 96 Ohio St. 114, 117 N.E. 30(1917); *State v. Hardy,* 8th Dist. Cuyahoga No. 82620, 2004–Ohio–56; *State v. Kenney,* 5th Dist. Holmes No. CA93–480A, 2000 WL 699673(May 10,2000); *State v. Biros,* 78 Ohio St.3d 426, 436, 1997-Ohio-204, 678 N.E.2d 891, 901–902, *citing State v. Joseph,* 73 Ohio St.3d 450, 455, 653 N.E.2d

285(1995); and *State v. Mills,* 62 Ohio St.3d 357, 363, 582 N.E.2d 972, 980(1992) ("Under Crim. R. 12(B) and 12(G), alleged defects in an indictment must be asserted before trial or they are waived").

**{¶27}** Because appellant did not assert any defects in the indictment in the trial court prior to sentencing, he cannot raise such issue now. Moreover, "[u]nder the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Snyder*, 5th Dist. Tuscarawas No. 2015AP070043, 2016–Ohio–832, ¶ 26 quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Further, "[i]t is well-settled that, 'pursuant to res judicata, a defendant cannot raise an issue in a [petition] for postconviction relief if he or she could have raised the issue on direct appeal.' " *State v. Elmore*, 5th Dist. Licking No. 2005–CA–32, 2005–Ohio–5940, ¶ 21 quoting *State v. Reynolds*, 79 Ohio St.3d 158, 161, 1997-Ohio-304, 679 N.E.2d 1131.

**{¶28}** Appellant clearly could have raised his two assignments of error on direct appeal and, as noted by appellee, raised a similar issue is his first appeal. Appellant is, therefore, barred by the doctrine of res judicata from raising the issues raised in his assignments of error now.

**{¶29}** Appellant's two assignments of error are, therefore, overruled.

**{¶30}**  Accordingly, the judgment of the Perry County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.