[Cite as *State v. Bender*, 2023-Ohio-1531.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  14-22-23

    v.

JASON G. BENDER,                  O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Union County Common Pleas Court
Trial Court No.  18-CR-0168

**Judgment Affirmed**

**Date of Decision:   May 8, 2023**


APPEARANCES:

    *Alison Boggs* **for Appellant**

    *David W. Phillips* **for Appellee**

Case No. 14-22-23

**WALDICK, J.**

{¶1} Defendant-appellant, Jason G. Bender ("Bender"), brings this appeal from the November 2, 2022 judgment of the Union County Common Pleas Court denying his motion for leave to file a motion for a new trial. On appeal, Bender argues that the trial court erred by denying his motion for leave, and that the trial court erred by failing to hold an evidentiary hearing on the matter. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} In 2019 Bender was convicted of Felonious Assault, Kidnapping, Rape, and Having Weapons While Under Disability. As a result of his convictions, Bender was sentenced to serve an aggregate 30-year prison term. Bender appealed his convictions to this court, arguing, *inter alia*, that insufficient evidence was presented to convict him of Rape, and that he received ineffective assistance of counsel. We overruled Bender's arguments and affirmed his convictions and sentence in *State v. Bender*, 3d Dist. Union No. 14-19-22, 2020-Ohio-722.[1]

{¶3} Bender subsequently filed a petition for post-conviction relief pursuant to R.C. 2953.21 arguing that his counsel was ineffective for failing to present materially exculpatory evidence, and that the prosecution engaged in pretrial misconduct; however, that petition was dismissed by the trial court for being

---

[1] Bender's direct appeal contains a full discussion of the evidence presented in this case.

-2-

untimely. Bender appealed the trial court's judgment, and we affirmed in *State v. Bender*, 3d Dist. Union No. 14-21-01, 2021-Ohio-1931.

{¶4} On July 5, 2022, Bender filed for "Leave to File Motion for New Trial Pursuant to Crim.R. 33 *instanter*." (Doc. No. 134). In his motion, Bender argued that the prosecutor committed misconduct, that he received ineffective assistance of trial counsel, and that he had newly discovered evidence. Regarding his claimed newly discovered evidence, Bender indicated that he had received a handwritten letter from a man named Lamar Call wherein Call claimed that he had conspired with the victim in Bender's trial to fabricate certain allegations of drug possession or domestic violence against Bender.

{¶5} Bender attached a purported copy of the letter he had received from Call to his motion. The letter was signed by Call, but it was not notarized or otherwise authenticated. In addition to the letter Bender attached to his motion, Bender also attached a fourteen-page narrative addressed "To Whom it May Concern," wherein Call detailed his supposed interactions with the victim in Bender's original case. Notably, the written narrative is neither signed nor notarized.

{¶6} The State opposed Bender's motion for leave, arguing, *inter alia*, that Bender had not established by clear and convincing evidence that he was unavoidably prevented from discovering the information. The State emphasized that the unauthenticated narrative itself indicated that Bender and Call had interacted

numerous times and there was no showing that Bender was prevented from contacting Call as a potential witness.

{¶7} On November 2, 2022, the trial court filed a judgment entry denying Bender's motion for leave. The trial court determined that the motion was untimely, and that all of the grounds asserted by Bender other than his claimed "newly discovered evidence" were barred by res judicata. As to Bender's claim of newly discovered evidence, the trial court determined that Bender did not demonstrate by clear and convincing evidence that he was unavoidably prevented from discovering his newly claimed material.[2] Bender brings the instant appeal from the trial court's judgment, asserting the following assignments of error for our review.[3]

**First Assignment of Error**

**The trial court abused its discretion denying appellant's motion for leave to file motion for new trial, pursuant to Criminal Rule 33(B).**

**Second Assignment of Error**

**The trial court erred when it failed to hold an evidentiary hearing before ruling on the post-conviction motion.**

{¶8} As the assignments of error are interrelated, we elect to address them together.

---

[2] The trial court did explicitly state that "The lengthy handwritten statement was not Notarized or *otherwise given in a manner to qualify as evidence*." (Emphasis added.) (Doc. No. 143).
[3] Although Bender's motion for leave to file a motion for a new trial was filed pro se, he was appointed counsel for purposes of this appeal.

*First and Second Assignments of Error*

**{¶9}** In his assignments of error, Bender argues that the trial court abused its discretion by denying his motion for leave to file a motion for a new trial, and that the trial court erred by failing to hold a hearing before ruling on the motion.

Standard of Review

**{¶10}** In reviewing a trial court's denial of a motion for leave to file a delayed motion for new trial, an appellate court applies an abuse of discretion standard. *State v. McNeal*, 169 Ohio St.3d 47, 2022-Ohio-2703, ¶ 13. A trial court's decision whether to conduct an evidentiary hearing on a motion for leave to file a delayed motion for new trial is also discretionary. *State v. Hoover-Moore*, 10th Dist. Franklin No. 14AP-1049, 2015-Ohio-4863, ¶ 14, citing *State v. Cleveland*, 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397, ¶ 54. "A criminal defendant 'is only entitled to a hearing on a motion for leave to file a motion for a new trial if he submits documents which, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence at issue.'" *State v. Ambartsoumov*, 10th Dist. Franklin No. 12AP-878, 2013-Ohio-3011, ¶ 13, quoting *Cleveland* at ¶ 54, citing *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, ¶ 7 (2d Dist.).

Relevant Authority

**{¶11}** Bender filed his motion for new trial pursuant to Crim.R. 33(A)(6), which provides that a new trial may be granted "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Newly discovered evidence is evidence of facts in existence at the time of trial of which the party seeking a new trial was justifiably ignorant. *State v. Love*, 1st Dist. Hamilton No. C-050131, 2006-Ohio-6158, ¶ 43.

**{¶12}** Under Crim.R. 33(B), "when a new-trial motion is premised on newly discovered evidence, the defendant must file the motion within 120 days of the date of the jury's verdict." *McNeal* at ¶ 15. However, "Crim.R. 33(B) excuses a defendant's failure to move for a new trial within the * * * 120-day deadline * * * if the defendant proves by clear and convincing evidence that he or she was unavoidably prevented from discovering the evidence on which the motion would be based within that time." *Id.* at ¶ 16. A defendant is unavoidably prevented from discovering new evidence if he "had no knowledge of the existence of the new evidence and, in the exercise of reasonable diligence, could not have learned of its existence within the time prescribed for filing a motion for new trial." *State v. Lundy*, 10th Dist. Franklin No. 19AP-505, 2020-Ohio-1585, ¶ 11.

{¶13} When a defendant seeks leave to file a delayed motion for a new trial under Crim.R. 33(B), "the trial court may not consider the merits of the proposed motion for a new trial until after it grants the motion for leave." *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, ¶ 30. "The sole question before the trial court when considering whether to grant leave is whether the defendant has established by clear and convincing proof that he was unavoidably prevented from discovering the evidence on which he seeks to base the motion for a new trial." *Id.*

Analysis

{¶14} It is clear from the record that Bender's "motion for leave" was filed well outside the general 120-day timeframe, thus he had the burden to prove, by clear and convincing evidence, that he was unavoidably prevented from discovering this "new evidence." As stated previously, we may not consider the merits of Bender's motion until we have determined that he has met his burden to show he was unavoidably prevented from discovering it. *State v. Peals*, 6th Dist. Lucas No. L-10-1035, 2010-Ohio-5893, ¶ 21. Thus we will review the purported "newly discovered evidence" only inasmuch as it pertains to whether Bender was unavoidably prevented from discovering it.

{¶15} Here, Bender's "newly discovered evidence" consisted of a handwritten letter alleged to be from "Lamar Call" and a separate handwritten narrative that was also purportedly written by Call. Although the letter and narrative

are entirely unauthenticated, we will assume that the documents were written by Call for purposes of this appeal, though that issue is far from clearly and convincingly established.

{¶16} Turning to the contents of the documentation, we first note that the narrative that was written by Call is dated Saturday April 16th of 2022. However, the last two digits of the year were scratched out from whatever they were, and changed to "22." This places at least a question on the authenticity of the date, notwithstanding the letter's authorship. Nevertheless, even assuming that the date in the narrative was accurate, and that it carried some weight despite not being notarized, the claims within the letter do not establish that Bender would have been unavoidably prevented from learning the information.

{¶17} The letter and the narrative indicate that Call was having a sexual relationship with the victim in Bender's case during the time period in which Bender committed the crimes that led to his convictions. Call's narrative claimed that the victim conspired with him and others to frame Bender for lower-level crimes such as drug possession or domestic violence. In fact, Call stated that he was present when another girl beat the victim in this case so that Bender could be blamed for it. He indicated that he did not come forward earlier because he was on post-release control and he was afraid of going back to prison.

{¶18} The narrative written by Call contains several key facts that undermine Bender's statement that he was unavoidably prevented from discovering this information. For example, Call details interactions between himself, Bender, and the victim in this case in the months and weeks prior to the crimes Bender committed. Call was not an unknown person to Bender.

{¶19} More importantly, Call mentions multiple individuals, Charles Tatman and Mike Norris, who were not only known to Bender, but were also *witnesses listed in the State's discovery*. Bender has maintained for some time that Tatman was involved in a conspiracy to frame him, thus this is not "newly discovered evidence." In fact, Bender was convicted of Intimidation of Witness related to threats he made to Tatman. *State v. Bender*, 3d Dist. Logan No. 8-20-64, 2021-Ohio-1933. Bender simply does not establish how the "evidence" could not have been uncovered with reasonable diligence at an earlier date, particularly given that he already believed there was a conspiracy, and he knew Call, Tatman, and Norris.

{¶20} Ohio Appellate Courts have held that "No hearing is required, and leave [to file a motion for a new trial] may be summarily denied, where neither the motion nor its supporting affidavits embody prima facie evidence of unavoidable delay." *State v. Barnes*, 5th Dist. Muskingum No. CT2017-0092, 2018-Ohio-1585, ¶ 36; *State v. Clumm*, 4th Dist. Athens No. 08CA32, 2010–Ohio–342, ¶ 28; *State v.*

*Bush*, 10th Dist. Franklin No. 08AP–627, 2009–Ohio–441, ¶ 12; *State v. Parker*, 178 Ohio App.3d 574, 2008–Ohio–5178, ¶ 21 (2nd Dist.). Here, notwithstanding the lack of evidentiary quality from the unsworn statements provided, Bender has not met his burden.[4]

**{¶21}** In sum, we do not find that the trial court abused its discretion by denying Bender's motion for leave to file a motion for a new trial, or that the trial court erred by "failing" to hold a hearing on the matter. Therefore, Bender's first and second assignments of error are overruled.

### Conclusion

**{¶22}** Having found no error prejudicial to Bender in the particulars assigned and argued, the assignments of error are overruled and the judgment of the Union County Common Pleas Court is affirmed.

***Judgment Affirmed***

**MILLER, P.J. and ZIMMERMAN, J., concur.**

**/jlr**

---

[4] We note that the trial court determined that even if Bender was somehow unavoidably prevented from discovering this "evidence," the evidence here was not "material" for purposes of Crim.R. 33 because it would "merely impeach" the victim's statement. *See State v. Petro* 148 Ohio St. 505 (1947), at syllabus. We do not find that the trial court's determination on this issue was an abuse of discretion.