[Cite as *State v. Patterson*, 2024-Ohio-519.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

CORNELIUS PATTERSON, JR.,

    DEFENDANT-APPELLANT.

CASE NO. 5-23-31

O P I N I O N

Appeal from Hancock County Common Pleas Court
Trial Court No. 2009 CR 00218

Judgment Affirmed

Date of Decision:  February 12, 2024

APPEARANCES:

    *Cornelius Patterson,* Appellant

    *Phillip A. Riegle* for Appellee

**ZIMMERMAN, J.**

{¶1} This appeal, having been placed on the accelerated calendar, is *sua sponte* being assigned and considered on the regular calendar pursuant to Loc.R. 12(1). Under the authority of Loc.R. 12(5), we have elected to issue a full opinion in lieu of a judgment entry.

{¶2} Defendant-appellant, Cornelius Patterson, Jr., ("Patterson") appeals the July 20, 2023 judgment entry of the Hancock County Common Pleas Court denying his requests for leave to file a delayed motion for new trial and to dismiss the indictment. For the reasons that follow, we affirm.

{¶3} On October 27, 2009, the Hancock County Grand Jury indicted Patterson on four criminal counts including: Count One of aggravated murder in violation of R.C. 2903.01(B), an unclassified felony; Count Two of aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony; Count Three of improperly discharging firearm at or into a habitation in violation of R.C. 2923.161(A)(1), a second-degree felony; and Count Four of tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony. The indictment included firearm specifications as to Counts One, Two, and Three under R.C. 2941.145.

{¶4} The case proceeded to a jury trial on February 8-11 and 14-15, 2011. On February 15, 2011, the jury found Patterson guilty of Counts One, Two, Three,

and Four and the specifications as to Counts One, Two, and Three. The trial court filed its judgment entry of conviction on March 17, 2011. On April 21, 2011, the trial court sentenced Patterson to 30 years to life in prison as to Count One, a mandatory term of three years in prison as to the firearm specification in Count One, and a four-year prison term as to Count Four for an aggregate prison term of 37 years to life. The trial court filed its judgment entry of sentencing on April 27, 2011.[1]

{¶5} In 2023, Patterson filed a motion seeking leave of court to file a delayed motion for new trial, a motion to dismiss the instant indictment, and two motions requesting an evidentiary hearing on his delayed motion for new trial. The State filed no responses to Patterson's motions. On July 20, 2023, the trial court issued a judgment entry overruling Patterson's motions without holding an evidentiary hearing.

{¶6} Patterson filed a timely notice of appeal and raises two assignments of error for our review, which we will address out of order for ease of discussion.

**Second Assignment of Error**

**The trial court committed prejudice error fail to dismiss a count in the indictment where the court lack subject matter jurisdiction over the charge offenses that rendered any action by the court void in violation of R.C.2941.33 and ohio constitution Art. VI**

---

[1] This court recited much of the factual and procedural background of this case in previous appeals, and we will not duplicate those efforts here. *See State v. Patterson*, 3d Dist. Hancock No. 05-11-15, 2012-Ohio-2839, *appeal not accepted*, 133 Ohio St.3d 1466, 2012-Ohio-5149; *State v. Patterson*, Case No. 05-18-24, which was voluntarily dismissed on December 20, 2018 upon Patterson's pro-se motion; *State v. Patterson*, 3d Dist. Hancock No. 5-19-34, 2020-Ohio-1437; and *State v. Patterson*, 3d Dist. Hancock No. 5-20-32, 2021-Ohio-1237.

**§4(B) and defendant united states constitutional rights amendment 14. [sic]**

**{¶7}** In his second assignment of error, Patterson argues that the trial court erred by denying his postconviction motion to dismiss his indictment. Specifically, he argues that the trial court lacked subject-matter jurisdiction over his criminal charges and the indictment failed to cite an essential element of the offense charged under Count One.

**{¶8}** Patterson has provided us with no legal authority that permits him to seek a dismissal of an indictment, by a motion filed in the trial court, some twelve years after his conviction. *See Cleveland v. Bates*, 8th Dist. Cuyahoga No. 112167, 2023-Ohio-3627, ¶ 22-23. Nonetheless, the Supreme Court of Ohio has recognized that the failure to object to an indictment at trial constitutes waiver of the issue. *See State v. Barton*, 80 Ohio St.3d 402, 2006-Ohio-1324, ¶ 73. Moreover, Patterson never raised this argument in his direct or subsequent appeals. Thus, because appellant failed to raise this issue at trial or on direct appeal, we conclude that he is barred from raising the issues in this assignment of error related to his "motion for leave of court to file motion to dismiss the instant indictment" under the doctrine of *res judicata*. *State v. Fryer*, 5th Dist. Perry No. 21-CA-00015, 2022-Ohio-1374, ¶ 26-27.

**{¶9}** Accordingly, Patterson's second assignment of error is overruled.

**First Assignment of Error**

**The trial court abused its discretion when the court failed to conduct a evidentiary hearing to determine whether defendant was unavoidably prevented from discovering the newly discovered evidence in time to file a new trial motion inviolation of ohio law R.C.2945.79 R.C.2945.80, Criminal Rule 33. [sic]**

*Standard of Review*

{¶10} We review a trial court's determination of a motion under Crim.R. 33 for an abuse of discretion. *State v. Schiebel*, 55 Ohio St.3d 71 (1990), paragraph one of the syllabus. "A trial court's decision whether to conduct an evidentiary hearing on a motion for leave to file a delayed motion for new trial is also discretionary." *State v. Bender*, 3d Dist. Union No. 14-22-23, 2023-Ohio-1531, ¶ 10. An abuse of discretion suggests that the trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). However, when a motion pursuant to Crim.R. 33(A)(6) is filed *more than* one hundred twenty days after judgment, we first review the record to determine if the defendant provided clear and convincing proof that the evidence could not have been discovered with due diligence before the time limit imposed by Crim.R. 33(B) has expired. *State v. McNeal*, 169 Ohio St.3d 47, 2022-Ohio-2703, ¶ 16. "Clear and convincing * * * proof" is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Schiebel*

at 74, citing *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶11} Therefore, in reviewing the trial court's denial of leave to file a delayed motion for new trial, we will examine the record to determine whether Patterson presented sufficient evidence to satisfy the "clear and convincing" standard. However, we cannot substitute our judgment for that of the trial court when competent, credible evidence supports the trial court's decision. *Scheibel* at 74.

*Analysis*

{¶12} Here, Patterson argues that the trial court erred by failing to hold an evidentiary hearing prior to determining that the 17-month delay in filing his motion was unreasonable and that the evidence that he asserts is newly discovered was known to him at the time of trial.

{¶13} A review of the record reveals that Patterson's filings on March 30, 2023, May 30, 2023, and June 8, 2023 all relate to his request for leave to file a delayed motion for new trial. In support of those motions, Patterson attached his personal affidavit, a memorandum of an interview conducted by investigator, Connie Mayhugh, and an affidavit from Patterson's wife, Daphne Patterson. The trial court determined that none of the affidavits submitted support the proposition that Patterson was prevented from filing his motions within a reasonable time. Indeed, the trial court noted that the only averment in the affidavits attempting to

explain the 17-month delay in the filing of his motions is Patterson's self-serving conclusory statement that the delay was "due to ODRC illegal practice of inmate incoming mail". Upon our review of the record, we will not say that the trial court abused its discretion by reaching such a determination nor do we conclude that the trial court's determination was not supported by competent, credible evidence.

{¶14} Moreover, the trial court determined that Patterson did not meet his burden by presenting sufficient evidence to establish by the clear-and-convincing standard that he was unavoidably prevented from discovering this evidence within the time limits imposed by Crim.R. 33. After our review of the record, we conclude that the trial court did not err in reaching this determination, which is supported by competent, credible evidence. Thus, the trial court did not abuse its discretion by not holding an evidentiary hearing on Patterson's motion.

{¶15} Therefore, Patterson's first assignment of error is overruled.

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued in his assignment of error, we affirm the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and WALDICK, J., concur.**

**/hls**