[Cite as *State v. Cook*, 2024-Ohio-1242.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

  v.

CHRISTOPHER G. COOK,

      DEFENDANT-APPELLANT.

CASE NO. 14-23-36

O P I N I O N

---

Appeal from Union County Common Pleas Court
Trial Court No. 2017-CR-0249

Judgment Affirmed

Date of Decision:  April 1, 2024

---

APPEARANCES:

    *Alison Boggs* **for Appellant**

    *Melissa A. Chase* **for Appellee**

**WALDICK, J.**

{¶1} Defendant-appellant, Christopher G. Cook ("Cook"), brings this appeal from the October 5, 2023 judgment of the Union County Common Pleas Court denying his motion for a new trial. For the reasons set forth below, we affirm.

*Facts and Procedural History*

{¶2} On May 15, 2019, a Union County jury found Cook guilty of three counts of Rape, one count of Disseminating Matter Harmful to Juveniles, one count of Gross Sexual Imposition, and one count of Intimidation of an Attorney, Victim, or Witness in a Criminal Case. The three rape charges were based on allegations that Cook had induced two adult women, Jacquelyn Tackett and Jessica Jude, to engage in sexual conduct with his then ten-year-old son, C.C., on several occasions in 2014. Cook was convicted on the other three counts as a principal offender.

{¶3} On July 3, 2019, Cook was sentenced to an aggregate term of 82 years to life in prison.

{¶4} Cook thereafter filed a direct appeal. On June 22, 2020, in *State v. Cook*, 3d Dist. Union No. 14-19-26, 2020-Ohio-3411, this Court affirmed the judgment of conviction and sentence entered against Cook.

{¶5} On September 18, 2020, Cook filed a petition for postconviction relief in the trial court. On March 18, 2021, the trial court denied that petition without a hearing.

In *State v. Cook*, 3d Dist. Union No. 14-21-09, 2022-Ohio-97, *appeal not allowed*, 166 Ohio St.3d 1509, 2022-Ohio-1687, this Court affirmed the trial court's denial of the postconviction petition.

{¶6} On September 8, 2023, Cook filed a *pro se* motion in the trial court, seeking a new trial pursuant to Crim.R. 33. In that motion, Cook asserted that he was entitled to a new trial on the basis of newly discovered evidence, being the affidavits of two potential witnesses, Jacquelyn Tackett and her mother, Laura Self. In support of his motion, Cook attached the affidavits of Tackett and Self, claiming that the affidavits called into question the prosecution's theory of the case at trial and that the testimony of those two witnesses would have changed the outcome of the trial. Cook acknowledged that his motion was filed more than 120 days after the verdict in the case, which is the deadline set by Crim.R. 33 for such motions. However, Cook asserted that the delay in filing the motion was justifiable, as he was unavoidably prevented from discovering the evidence within 120 days of the verdict due to his incarceration and the fact that his defense attorney delayed the release of the discovery file to Cook until after those 120 days had expired.

{¶7} In the first affidavit attached to Cook's motion, Jacquelyn Tackett averred she would have testified at trial that she had never been alone with C.C., with or without his father; that C.C. had never been in her bedroom; that she had not seen C.C. since August of 2014, when her brother and Cook were present; that during the time of the supposed incident, she had not seen Cook in four months; that

she was in Westerville, Ohio for Christmas Eve and Christmas Day with her family that year; and that her mother came home to Kenton with her on Christmas Eve to open presents. In the second affidavit, Laura Self asserted that her daughter, Jacquelyn Tackett, was with Self and others in Columbus, Ohio for Christmas Eve of 2014; that Tackett stayed at Self's apartment in Westerville for Christmas Day; that Self followed Tackett to her home in Kenton to open presents on Christmas evening; and that the two times Tackett met C.C. in Raymond, Ohio, Self was present, along with Cook, his mother, and his grandmother.

**{¶8}** On October 5, 2023, the trial court filed a judgment entry denying the motion for a new trial. In its decision, the trial court noted that Cook's motion was filed more than 120 days after the verdict was rendered but the motion alleged that Cook was unavoidably prevented from discovering the evidence upon which the new trial motion was based. The trial court found that Cook's motion failed to support the claim that he was unavoidably prevented from discovery of the purported new evidence within the 120-day time limit, and that the record reflected Cook had knowledge prior to trial of the evidence at issue. The trial court therefore denied Cook's motion.

**{¶9}** On November 2, 2023, Cook filed the instant appeal, in which he raises one assignment of error for our review.

**Assignment of Error**

**The trial court abused its discretion denying appellant's motion for a new trial based on the merits, pursuant to Criminal Rule 33(B).**

*Analysis*

{¶10} Motions for a new trial are governed by Crim.R. 33, which provides in relevant part:

(A) *Grounds*. A new trial may be granted on motion of the defendant for any of the following causes affecting materially the defendant's substantial rights:

(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

(3) Accident or surprise which ordinary prudence could not have guarded against;

(4) That the verdict is contrary to law;

(5) Error of law occurring at the trial;

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

(B) *Motion for New Trial; Form, Time*. Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

**{¶11}** "Accordingly, a party may not seek a new trial on the basis of newly discovered evidence after the 120-day time limit unless he can demonstrate that he was unavoidably prevented from discovering the new evidence within the time limit." *State v. Keith*, 192 Ohio App.3d 231, 2011-Ohio-407, ¶ 39 (3d Dist.). "'A party is "unavoidably prevented" from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence.'" *Id.*, quoting *State v. Lee*, 10th Dist. Franklin No. 05AP-229, 2005-Ohio-6374, ¶ 8. "In order to be able to file a motion for a new trial based on newly discovered evidence beyond the 120 days prescribed in the

above rule, a petitioner must first file a motion for leave, showing by 'clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion.'" *Id.* at ¶ 40, quoting *State v. Graham*, 3d Dist. Hancock No. 5-05-13, 2006-Ohio-352, ¶ 10.

{¶12} Finally, in reviewing a trial court's denial of a motion for leave to file a delayed motion for a new trial, an appellate court applies an abuse of discretion standard. *State v. Bender*, 3d Dist. Union No. 13-22-23, 2023-Ohio-1531, ¶ 10, citing *State v. McNeal*, 169 Ohio St.3d 47, 2022-Ohio-2703, ¶ 13. An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158, 404 N.E.2d 144 (1980).

{¶13} In the instant case, Cook asserts on appeal that the motion for a new trial was not properly before the trial court because Cook had not first filed a motion for leave to file an untimely motion for a new trial on the basis of newly discovered evidence. Based on that premise, Cook argues that the trial court abused its discretion because it overruled the new trial motion on the merits. Cook asserts that the trial court's judgment must be reversed, and the case remanded in order to permit the filing of a motion for leave to file a delayed new trial motion.

{¶14} We find Cook's argument to lack merit. While Cook did caption the motion at issue as a "Motion for New Trial Pursuant to Crim.R. 33(A)(6), Newly Discovered Evidence", it is clear from the content of Cook's motion that he was seeking leave to file an untimely motion for a new trial pursuant to the standard for

the same set forth in Crim.R. 33(B). Specifically, we note that Cook asserted he was unavoidably prevented from discovering the purported new evidence within 120 days of the verdict because he had been incarcerated and because his attorney did not release the discovery file to Cook until after the 120 days had expired.

**{¶15}** It is equally clear from our review of the trial court's decision on Cook's motion that the trial court construed the motion as one seeking leave to file a delayed motion for a new trial. Although the trial did not expressly indicate in its decision the manner in which the motion was being construed, the trial court specifically set forth and applied the law governing review of motions for leave to file delayed motions for a new trial. In denying Cook's motion, the trial court noted that the motion acknowledged it was being filed more than 120 days after the verdict was rendered but that the motion alleged that Cook was unavoidably prevented from the discovery of the evidence upon which the new trial motion was based. As the motion was filed outside the time limit set forth in Crim.R. 33(B), the trial court analyzed whether Cook had shown that he was unavoidably prevented from discovering the evidence at issue. The trial court applied the proper legal standards for the review of untimely motions, and found that Cook's motion failed to support the claim that he was unavoidably prevented from discovering the "new evidence".

**{¶16}** We therefore move on consider if the trial court's denial of Cook's motion on the basis of its untimeliness was an abuse of discretion.

{¶17} The jury verdicts finding Cook guilty in this case were returned on May 15, 2019, but the new trial motion was not filed until September 8, 2023, well beyond the 120–day limit under Crim.R. 33(B). Consequently, Cook was required to show by clear and convincing proof that he had no knowledge of the "newly discovered evidence" supporting the motion for a new trial and that he was unavoidably prevented from discovering the evidence within 120 days of the May 2019 verdict.

{¶18} Cook failed to meet that burden. Even accepting the newly discovered evidence as true, the affidavits attached to Cook's motion do not on their face support his claim that he was unavoidably prevented from discovering the evidence contained therein, nor do Cook's general assertions in the motion itself support that claim.

{¶19} In his motion, the only explanation provided by Cook for the nearly 4-year filing delay was the general assertion that he had been incarcerated and that his attorney did not turn over the discovery file to Cook in a timely fashion. Cook failed to allege or explain how his incarceration may have impacted his discovery of the evidence at issue, nor did he explain what relevance the pretrial discovery file had on the delay in seeking to file for a new trial on the basis of newly discovered evidence.

{¶20} Additionally, the "newly discovered evidence" supporting Cook's motion for a new trial was the information set forth in the affidavits of the two

potential witnesses, Jacquelyn Tackett and Laura Self. While Cook claimed in his motion that those witnesses, and the information to which they would have testified, was newly discovered, that claim is refuted by the record. In that regard, we note that Jacquelyn Tackett was a co-defendant of Cook's, and was alleged and then proven to be one of the principal offenders in the rape charges of which Cook was found guilty by way of complicity. Because of that, Tackett's name and her potential relevance to the case was disclosed to the defense in discovery well before this case came to trial. Any information or knowledge helpful to Cook that was purportedly possessed by Tackett and, by extension, her mother, since 2014, could have been discovered by Cook through the exercise of reasonable diligence within the time prescribed for filing motions for a new trial.

{¶21} Most importantly, we take note of information contained in an affidavit by Cook that was submitted to the trial court on September 18, 2020, in support of the petition for postconviction relief filed on that date. In that affidavit, Cook averred that "[*d]uring the course of my criminal case*, I requested that my trial counsel interview potential witnesses who would offer alibi testimony contradicting the State's witnesses[.]" (Emphasis added.) (Docket No. 132, Exhibit 1). In that affidavit, Cook then stated, "I asked [trial counsel] to interview Laura Self, Jacqueline's mom, who was with Jackye when Jackye came to my house. At Jackye's house when [C.C.] and I came, her brother was there"; "I asked [counsel] to interview Susan George[,] close friend of Laura Self, who spent Christmas Eve

with Laura Self, Jackye Tackett, and David Tackett and that Facebook postings existed to verify where she was on Christmas Eve (and that it was not with me)"; and that "I asked [counsel] to interview Jacqueline Tackett, with her counsel present, as she would have told him that she was not home on a date alleged by the victim, thereby casting doubt on his credibility[.]" (*Id.*). Thus, Cook's own prior sworn statement reflects that he had knowledge during the pendency of the case, prior to trial, of the two witnesses and the evidence on which Cook now wishes to base a new trial claim.

{¶22} Accordingly, Cook's new trial motion and the exhibits attached thereto failed to demonstrate that he was unavoidably prevented from discovering the "new evidence' within 120 days of the verdict. For that reason, the trial court did not abuse its discretion when it denied Cook's motion on that basis.

{¶23} The sole assignment of error is overruled.

*Conclusion*

{¶24} Having found no error prejudicial to the defendant-appellant, Christopher Cook, in the particulars assigned and argued, the judgment of the Common Pleas Court of Union County is affirmed.

***Judgement Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

**/hls**